[PHILADELPHIA, APRIL 29th, 1837.]

## Ex parte WALTON.

### HABEAS CORPUS.

1. Where a prisoner indicted for a misdemeanor moved at the second term to quash the indictment, on the ground that the grand-jury had not been returned according to the act of assembly, and the court held the question under advisement during the term, it was *held*, that the delay was equivalent to a postponement with his consent, and that he was not entitled to be discharged under the act of 1785.

2. The power of discharging a prisoner under the act of 1785, where he has not been tried at the second term, *it seems* is confined to the court in which he was indicted; and the Supreme Court will not interfere, if the commitment is unexceptionable on the face of it.

On a HABEAS CORPUS to the keeper of the jail of Montgomery county, it appeared that the prisoner, Elias Walton, was in confinement on a charge of a misdemeanor, in administering poison to his wife.

The commitment took place on the 6th of November, 1836. The first term of the court after the commitment, was held on the 21st of that month; but no proceedings were had in regard to the prisoner. At the next court, which took place on the 20th of February, 1837, an indictment was found against him. The defendant then challenged the array of grand-jurors, on the ground that the directions of the act of assembly had not been pursued; and a motion was made to quash the indictment. The question was argued at an adjourned court on the 19th of April, and held under advisement, when the court adjourned on the 21st.

Mr. *Sterigere* and Mr. *Meredith* now contended, that the prisoner was entitled to a discharge, in pursuance of the third section of the act of 1785, which provides that "if any person committed for treason or felony shall not be indicted and tried some time in the next term, session of Oyer and Terminer, general gaol delivery, or other court where the offence is properly cognizable, after such commitment, it shall and may be lawful for the judges or justices thereof, and they are hereby required, upon the last day of the term, session or court, to set at liberty the said prisoner upon bail, unless it shall appear to them upon oath or affirmation, that the witnesses for the commonwealth, mentioning their names, could not then be produced; and if such prisoner shall not be indicted and

(Ex parte Walton.)

tried the second term, sessions or court, after his or her commitment, unless the delay happen on the application or with the assent of the defendant, or, upon trial, shall be acquitted, he or she shall be discharged from imprisonment." They cited *The Commonwealth v. Prophet,* (1 *Browne,* 135.) *Respublica* v. *Arnolds,* (3 *Yeates,* 268.) *Ex parte Rennie,* (16 *Serg. & Rawle,* 304.)

Mr. *Mulvany* and Mr. *Todd,* (Attorney General) *contra.* The act of 1785 applies in terms to treason and felony only. [KENNEDY, J.—In practice, the act has been extended to all offences; misdemeanors as well as felonies.] At all events, the delay in this case was occasioned by the act of the defendant, in moving to quash the indictment.

PER CURIAM.—This case is weaker for the prisoner than the *The Commonwealth* v. *The Sheriff of Allegheny,* (16 *Serg. & Rawle,* 304,) in which an accessary who had refused to be tried before the principal was convicted, was denied the benefit of the habeas corpus act. Here the prisoner lay by during the first term, and claims to be discharged because he was not tried at the second, during the pendency of preliminary objections newly raised by himself. That is certainly equivalent to a postponement with his consent. But there is another fatal objection, which was not noticed there, because it was not thought of, and because it was desirable to have the judgment of the court on the principle. It is, that the power to discharge, is confided by the third section of the act, to the judges of the court in which the indictment is pending; and it is not to be denied that it could not be so beneficially lodged elsewhere, for no other court could be so accurately informed of the circumstances. In order to raise the question here, it was necessary to procure from the keeper of the prison, a return of facts and circumstances not within his official cognizance; and we are not aware that he would be answerable to the Commonwealth in an action for their falsity. We are bound to allow the writ; but in future, if the commitment be unexceptionable in the frame of it, we shall not consider ourselves bound to look further.

                                        Prisoner remanded.