# Commonwealth Ex Relatione Jack *against* The Sheriff.

The relator on a writ of *habeas corpus* had been bound over by the Court of
Quarter Sessions during its session to answer thereat a charge of misdemeanor,
&c.  *Held*, that the case came under the provisions of the 6th section of the Act
of February 8th 1785, and the writ, if returnable at all, must be to the Judges of
the Court of Quarter Sessions, who alone have jurisdiction until after the end of
the term or session.

### NISI PRIUS.

The facts are sufficiently stated in the opinion delivered by

SERGEANT, J.—The power of our courts to issue the writ of
*habeas corpus,* and thereupon to bail, remand or discharge a pri-
soner, depends altogether on the *Habeas Corpus* Act, passed on the
18th February 1785; and in the exercise of the important duties
connected with this jurisdiction, the courts must be governed by
the plain language of the Act, and the obvious design and import
of its enactments.  The Act is carefully drawn, and, when its
provisions are compared together, will be found to contain a com-
plete and harmonious system.  By the 1st section, full and ample
provision is made for the issuing of this writ by a single judge in
vacation, and by the 2d section for its issuing out of the court in
term time.  By the 6th section it is enacted that no person may
avoid his trial by procuring a removal, so that he or she cannot
be brought back in time.  No person shall be removed upon any
*habeas corpus* granted in pursuance of this Act within fifteen days
preceding the term, sessions of oyer and terminer, general gaol
delivery, or other court where the offence with which he or she
stands charged is properly cognizable, but upon such *habeas corpus*
shall be brought before the judges or justices thereof, who are
thereupon to do what to justice shall appertain.  This is the sec-
tion under which the first question made in the present case arises.
The Court of Quarter Sessions on the 15th May 1844, being then
in session, ordered the relator to give bail in the sum of $500 " to
answer for a misdemeanor and the charge of embracery, in at-
tempting to influence the minds of the grand jury, and not depart

the court without leave, and in default of bail he be committed;" and on the same day the relator gave bail in the sum of $500 for his appearance at the present Court of Quarter Sessions. The sessions of the court had commenced some time before. If the section in question applies to the case before us, then by its express provisions this *habeas corpus*, if returnable at all, ought to be returned before the Judges of that court now sitting, for them to proceed upon.

The relator contends that this section does not apply, first, because this *habeas corpus* did not issue within fifteen days preceding the term of the Quarter Sessions, but during its session. I think, however, that the obvious meaning of the clause is, that during fifteen days before the commencement of the sessions, and during the sessions, the *habeas corpus* shall be heard and determined before the Judges of that court. My reasons are, that the object stated in the preamble would be frustrated as much or even more by a removal of a prisoner during the term, as during the fifteen days preceding it; and also that by the proviso, section 7, it is declared that after such court the person detained may have his or her *habeas corpus* according to this Act, which implies that during the court he shall not. This has, I believe, been the prevalent construction; and the reason of it is, that during the sitting of the court there is no occasion whatever for the *habeas corpus*, for the court itself to whom the prisoner is answerable may bring the party before it by a simple order, and bail, discharge or remand him as they may see fit.

Another reason assigned by the relator is, that although he was bound over to answer at the present term, yet that the attorney-general has declared by his answer in writing to a letter written to him by the relator's counsel, that under one of the rules of court long in force, the case would not properly come up for further proceedings till the July term, and under existing circumstances he did not think it would promote the ends of justice to take other steps, &c. It is therefore contended that the offence charged is not, in the words of the Act of Assembly, "properly cognizable" at the present court, but is properly cognizable only at the July term. What the rule of court referred to is, I have not been able to ascertain. It has not been produced, and according to the information sent from the office of the clerk of the Court of Quarter Sessions, there is no such written rule of court. It is impossible to tell, unless it is produced, what its bearing and effect are; whether it applies to commitments by the court as well as by magistrates; whether it is imperative in all cases, or subject to exceptions, and what they are. Under this state of things, we are left to infer that it is probably a rule of practice adopted by the prosecuting officer for the convenience of business, and used at his own discretion. It cannot be assumed that in no case whatever can a party be charged, committed and tried dur-

VII.— K

ing the sessions of the court; for this has frequently occurred, and cases may easily be supposed in which it would be expedient and necessary. However that may be, certain it is that the defendant is, according to the record now under recognizance, to appear during the present court *de die in diem,* and not depart the court without leave; that the court may, as things now stand, call upon him to appear at any hour of the day they please, and relieve him from the charge, or dispose of it as justice may require, by a simple order of the court. It is a case, therefore, properly cognizable before the Court of Quarter Sessions now sitting, and before no other tribunal, and the writ of *habeas corpus* is superfluous. It is the case contemplated by the Act of Assembly for which the *habeas corpus* is for this reason not provided, but on the contrary impliedly excluded. It was on the same general principles held by this court in *Ex parte Walton,* (2 *Whart.* 501), that the power of discharging a prisoner under this Act when he has not been tried at the second term, is confined to the court in which he is indicted; and this court will not interfere by *habeas corpus* for the mere purpose of granting the relief provided by the 3d section.

For these reasons I am of opinion that I have no jurisdiction to decide upon the case arising under this *habeas corpus,* and that, if returnable at all, it can only be to the Judges of the Court of Quarter Sessions.

*Brown* and *Dallas,* for the relator.
*Attorney-General,* contra.