# St. Michael's Church *v.* The County.

[DECEMBER, 1847.]

The words *person* or *persons*, as used in the act of assembly of May 31, 1841, include, as well corporations for religious purposes, as individuals.

Upon knowledge of an intention to attack or destroy his property, it is the duty of the plaintiff or of his agent duly constituted for that purpose, if sufficient time intervenes, to give notice to an officer designated in the act; and such notice must be in writing. Wherever notice is required under a statute, written notice is to be understood.

Mere apprehension of an attack is not sufficient to deprive the plaintiff of the benefits of the statute; knowledge of a contemplated attack must be brought home to him, and it must also be proved, that a sufficient time elapsed to permit notice to be given to the proper officer.

The measure of damages is the value of the property destroyed, to which it would be proper for the jury to add interest from the time of destruction.

THIS was an action brought against the county under the act of assembly of the 31st May, 1841, to recover damages for the destruction of a church and dwelling house, with the property therein, by a mob, on the afternoon of May the 8th, 1844.

The evidence showed, that during the great riots which prevailed in the district of Kensington in the early part of May, 1844, the sheriff had called out the military to protect the lives and property of the citizens; that on the morning of the 8th of May, a battalion had been posted in St. Michael's church, near the corner of Jefferson and Second streets, to protect that church and the adjacent parsonage; that in the course of the day the military were ordered to another point by the military superior of the officer in command, and that in about half an hour afterwards the church and parsonage were burnt.

Evidence was also given to show that the sheriff had been verbally notified of the danger of the church, and had been called on to protect it from violence, but it was not

I

shown that the person by whom the notice had been given was either one of the trustees, or an agent of the trustees duly constituted for that purpose.

The defendants offered to prove, that on Monday, the 6th of May, a number of persons, including three of the trustees, were in the church with fire-arms; that during that evening a portion of them marched down Second street, more than a square from the church, and fired upon some people there, killing two of them; that this illegal and improper conduct was the cause of the property being destroyed by the mob, if it was so destroyed, of which defendants alleged there was no proof. This offer was rejected by the court on the ground, that even if the fact were that some of the trustees constituted a part of such a body of men, their illegal acts would not be permitted to compromise the interests of the other corporators who were absent.

The defendants then offered to prove, that on Tuesday and Wednesday, anterior to the burning of the church, notice was given to two of the trustees, or they had knowledge of an intention to destroy the property. This evidence was objected to, and excluded, because the knowledge was not had by, or notice given to, the corporation or the trustees, in their corporate capacity.

The plaintiffs claimed $29,631 07 with interest, and offered evidence to prove that sum to be the value of the church and parsonage with their contents, when they were destroyed.

The jury were addressed by *Porter*, *Guillou*, and *Meredith*, for the plaintiffs; and by *Kneass*, and *H. M. Phillips*, for the defendants.

The defendants' counsel submitted the following points, on which they requested the court to instruct the jury. 1. A corporation such as the plaintiffs, is not within the provisions of the 7th section of the act of May 31, 1841, and therefore they cannot recover. 2. If upon knowledge

[ St. Michael's Church *v.* The County.].

had, of an intention to attack or destroy the property of the plaintiffs, or to collect a mob for such purpose, they did not give notice to the sheriff of the county, or to the alderman, or constable of the ward, sufficient time intervening to enable them to do so, the plaintiffs cannot recover. 3. Such notice must have been given by one of the plaintiffs, or an agent of the plaintiffs, duly authorized for that purpose. 4. The notice must have been explicit in stating the property threatened, and in giving notice to the proper officer of such threat or intention to attack or destroy. 5. There is no evidence that any one of the plaintiffs or other person by their direction and authority, gave notice to either of the officers named in the law. 6. That no interest is recoverable, and if recoverable, it can be recovered only from the time of bringing the suit.

Rogers, J.—This is an action to recover compensation for the destruction of real and personal property belonging to the plaintiffs, by a mob, on the 8th of May, 1844.

The suit is brought under the provisions of the act of assembly of the 31st May, 1841. By that act it is provided, that when any dwelling house, or other buildings, or other property, real or personal, is destroyed within the county of Philadelphia in consequence of any mob or riot, it shall be lawful for the person or persons interested and owning the property to bring suit against the county for the recovery of such damages as he sustains by its destruction.

In the second section it is provided, that no person shall be entitled to the benefit of this act if it shall appear that the destruction of the property was caused by his own illegal and improper conduct, nor unless it be made to appear that he, upon the knowledge of the intention, or attempt to destroy his property, or to collect a mob for that purpose, and sufficient time intervening, gave notice thereof to a constable, alderman or justice of the peace, or to the sheriff of the county.

[St. Michael's Church v. The County.]

The next section gives the injured party the option to bring suit against the rioters, or the county, providing, however, that the injured party shall not recover double compensation. The last section enables the commissioners of the county to recover from the rioters, or persons aiding or assisting them, all damages, costs and expenses incurred by the county.

The first question which the jury have to decide, and it is a question of fact, is, whether the plaintiffs' property was destroyed. On this point you will have little difficulty, as the proof was full and ample for that purpose. [His honour here recapitulated the testimony, going to show conclusively, the existence of a mob, and the destruction of the church and buildings by fire.] That the property was destroyed either by the mob, or the plaintiffs themselves is certain. It is not probable that the plaintiffs would burn their own property. But conceding that the plaintiffs' property was destroyed by a mob, the defendants still contend, that this suit cannot be sustained.

1st. Because a corporation, such as the plaintiffs, is not within the provisions of the 7th section of the act of May 31, 1841. On this point the court instruct you, that although the words of the act are person or persons, yet corporations such as this, as has been repeatedly held, are included and entitled to its benefits.

Several other points have been submitted to the court, on which I will proceed to instruct you.

If, upon knowledge had of an intention to attack or destroy the property of the plaintiffs, or to collect a mob for such purpose, they did not give notice to the sheriff of the county, or the alderman or constable of the ward, sufficient time intervening to enable them so to do, the plaintiffs cannot recover. This notice must be given by one of the plaintiffs, or by an agent of the plaintiffs duly authorized for such purpose.

The notice must be explicit in designating the property threatened, and in giving information to the proper officer

of such threat or intention to attack or destroy. There was no evidence whatever, that any one of the plaintiffs, or other person by their direction and authority, gave notice to either of the officers named in the law. The court say further, and if it be necessary, they will instruct you, the notice should have been given in writing. That when a statute directs notice to be given, the rule is, it is to be given in writing, in which respect it differs from the common law.

These points the jury will therefore consider as ruled in favour of the defendant. But the question recurs, had the plaintiffs knowledge of an intention or attempt to destroy their property: the court instructs you, that there is no evidence of any such knowledge. Even admitting that of which proof has been given, that three of the trustees were in the church on the Monday preceding the destruction of the property, that was not sufficient proof of knowledge within the act. The proof was of an apprehension merely, and not of knowledge that it was intended to attack or destroy the property. The defendant, in the opinion of the court, has failed in showing any bar to the action, and if you believe that the plaintiffs' property was destroyed by a mob, all that you are called upon to do, is to estimate the amount of damages the plaintiffs have sustained.

The act of assembly is most carefully drawn. It is intended to protect, as far as possible, the rights of all, and is a just and salutary statute. It is just, because it is the duty of the community in which we live to protect the property of every citizen against lawless violence, and if unable or unwilling to do so, they must be content to remunerate the injured party to the extent of the loss he may sustain. If lawless individuals are taught that the effect of their vengeance falls on themselves, and not on the objects of their resentment, they may be careful how they give way to their loose and revengeful passions.

If these views are correct, it is but an act of justice to the county, to give the plaintiffs full and ample compensa-

[ St. Michael's Church v. The County. ]

tion for all the injury they have sustained, in the disgraceful riots which occurred on the 8th of May. [The court then classed the articles of property destroyed, and directed the jury to consider each separately in coming to their conclusion, and referring to the testimony of Messrs. Caldwell and Smith, witnesses called to prove the value of the property destroyed, told the jury that it was entitled to great weight.]

The measure of the damages is the value of the property destroyed, to be ascertained as you best can from the evidence. To this you may add, the court do not say you must add, although in their opinion you ought to do so, interest by way of damages from the 8th of May, 1844, when the property was destroyed, or at any rate from the commencement of the suit till the rendition of the verdict. You will therefore first determine the value of the property destroyed, and if you agree with the court, you will add the interest, and find a verdict for the aggregate amount.

The jury found a verdict for the plaintiff for $27,090 02.[*]

---

[*] In a suit against the county of Philadelphia, under the act of 31st May, 1841, for compensation for damages done by a mob, to a school house owned by plaintiff, evidence of improper conduct by men assembled within a church, of which the plaintiff was pastor, is properly excluded as irrelevant, it being shown that he was absent from the city at the time. In order to exclude a person from the remedy provided by the act, it must appear that the destruction of the property was caused by his illegal or improper conduct. He is not involved in the misconduct of others, unless he be in some way connected with it. It is not necessary that notice under the act should be given, when the owner has no knowledge of the intended attack; verbal notice "that it was expected the church would be attacked, and if so, the school house would go too," is sufficient in case of the destruction of the school house. The act includes an accidental destruction by fire, communicated from a building fired by a mob. And in such action, an omission to set out in the narr. the ward in which the property is situated, is cured by verdict. *Donoghue* v. *The County of Philadelphia*, 2 Barr 230. And on the trial of such an action the plaintiff may prove his ownership and the value of wearing apparel destroyed; but he is incompetent to prove the destruction of household furniture, &c. *The County* v. *Leidy*, 10 Barr 45.

See other cases arising out of the riots of 1844, reported in 7 W. & S. 108; 3 Penn. L. J. 394, 442; 4 Penn. L. J. 29, 150, 257; 1 Harris 76.