Commonwealth ex rel. McGurk *versus* Superintendent of the County Prison.

The Act of February 18th 1785, sect. 3, 2 Sm. L. 275, as modified by the Act of March 13th 1867, sect. 1, Pamph. L. 420, securing to any person, committed on the charge of crime a right of discharge from imprisonment, if he shall not have been indicted and tried upon the expiration of the fourth term after his commitment, was intended to apply only to the period of time intervening between the commitment and the first trial, and if such prisoner be tried, found guilty, upon application obtain a new trial, and is then kept in custody for more than four terms after the new trial is awarded, he cannot invoke the provisions of the said acts to secure a discharge from imprisonment.

February 12th and 19th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Habeas corpus issued by the Supreme Court, on the petition of Theodore J. McGurk, commanding the superintendent of the Philadelphia county prison to produce the body of the relator, &c.

The prisoner was indicted and tried in the Oyer and Terminer of Philadelphia county at the January Term 1880, and convicted of murder in the first degree. A rule for a new trial was made absolute by the court May 1st 1880, the last day of the April Term. Four monthly terms having elapsed at which courts of Oyer and Terminer had been held, viz., in May, June, September and October 1880, without the second trial taking place, and without any continuance having been granted or applied for at the prisoner's request, the Court of Quarter Sessions, on petition of the prisoner, awarded a writ of habeas corpus, on the hearing of which, on October 29th 1880, it was contended that the prisoner was entitled to his discharge under the provisions of the Act of 1785, sect. 3, Purd. Dig. 755, 756, pl. 4. This act provides as follows: Sect. 3. "If any person shall be committed for treason or felony * * * and if such prisoner shall not be indicted and tried the second term, sessions or court, after his or her commitment, unless delay happen on the application, or with the assent of the defendant, or upon trial shall be acquitted, he or she shall be discharged from imprisonment."

Sect. 1, of the Act of March 13th 1867, Purd. Dig. 1201, provides that sessions of the Quarter Sessions and Oyer and Terminer shall commence on the first Monday of each month, instead of on the days theretofore fixed by law for holding the same; but sect. 4, of the same act, provides that nothing therein contained shall affect the Act of 1785, except that untried prisoners should be discharged upon the expiration of the fourth term instead of the second as theretofore.

The court, on January 21st 1881, dismissed the writ of habeas

[Commonwealth *v.* Supt. of County Prison.]

corpus, and the relator was remanded to the county prison. MIT-CHELL, J., delivered the following opinion:

" The object of the Act of 1785 was to prevent oppression of a prisoner in confinement by undue delay in bringing him to trial. Notwithstanding the general language of the act, it has been held that the provision for a discharge at the end of the second term does not apply where the trial has been prevented by any circumstances of moral, physical, or legal necessity. Most of the exceptional cases which had then arisen (1875) are referred to in Commonwealth *v.* Brown, 32 Leg. Int. 430, and in Commonwealth *v.* Hale, 36 Id. 285. It was further held that where the prisoner had been a fugitive and had surrendered, he had put himself outside of the protection of the act, and could not now complain if the Commonwealth chose its own time to try him.

" The present case is new, but is strongly analogous to Commonwealth *v.* Hale. The Commonwealth did its whole duty in trying the prisoner at the proper time. The result was his conviction, and now that a new trial has been granted to him upon his own motion, and as matter of grace, it would be unreasonable to allow him to dictate when the Commonwealth shall be ready to try him the second time. Having asked and received the favor of the court he must take it *cum onere.*

" It is not necessary to decide what would be the effect of a new trial granted by the same court for error in law, or a reversal of judgment by the Supreme Court, for the same reason. I have read carefully the opinion of Judge ELCOCK, and think it sets forth clearly that the new trial is granted solely as matter of grace and out of tenderness for the prisoner in a case involving his life. The motion must be refused."

Thereupon the prisoner filed his petition in the Supreme Court for a writ of habeas corpus which was awarded. On the hearing, February 12th 1881, the Chief Justice stated that the court could not act unless the record of the Oyer and Terminer be brought up by certiorari, or unless the district attorney would admit all the facts stated in the prisoner's petition. A certiorari was thereupon specially allowed, and the case continued.

The record having been brought up, and it appearing thereby that the facts averred in the petition were true, the cause was argued February 19th 1881.

*Walter George Smith* (with whom was *Effingham B. Morris*), for the relator.—1. As to our right to the writ of habeas corpus. We invoke the original jurisdiction of the Supreme Court under Art. V., sect. 3, of the Constitution of 1874, which provides: " The Supreme Court * * * shall have original jurisdiction in cases * * * of habeas corpus," &c. We also invoke the appellate jurisdiction, on the certiorari, by virtue of the provision in the same

[Commonwealth v. Supt. of County Prison.]

section of the Constitution, that " They shall have appellate juris-diction by appeal, certiorari, or writ of error, in all cases as is now or may hereafter be allowed by law." The Act of March 3d 1860, § 33, Purd. Dig. 383, pl. 36, provides for the removal of the record from the Oyer and Terminer to the Supreme Court by certiorari; provided, the same shall be specially allowed by the Supreme Court. The jurisdiction has been recognised in Clark v. Commonwealth, 5 Casey 134, per WOODWARD, J.; Commonwealth ex rel. Torrey v. Ketner, 8 W. N. C. 133; Commonwealth v. Sheriff, 16 S. & R. 304; Commonwealth v. Jailer, 7 Watts 366; Ex parte Walton, 2 Whart. 501; Hurd on Habeas Corpus 350. A similar jurisdiction is exercised by the Supreme Court of the United States: Ex parte Lange, 18 Wall. 163.

2. As to the relator's right to be discharged. The court below based their refusal to grant our petition on the ground that the new trial was granted as matter of grace. We asked it as a matter of right, on the ground of error in law, in the rulings on evidence, and charge of the court. But even if granted purely as matter of grace, the prisoner is entitled to a speedy trial. The intention of the statute being to prevent undue imprisonment, its spirit is quite as applicable to a case which has been opened anew by the granting of a new trial, as to an imprisonment before the first trial. The granting a new trial placed the prisoner again in jeopardy of his life, and he stood, in the eye of the law, as though he had just been committed for trial: Hilliard on New Trials (2d ed.) 74; Edwards v. Edwards, 22 Ill. 121; Hidden v. Jordan, 28 Cal. 301; The State v. Commissioner, Riley 273.

The following cases show that whenever the motion for a dis-charge has been refused, the refusal rested upon the ground either of manifest impossibility to try the case by the Commonwealth's officers because of some obstacle over which they had no control, or else because of acts done by the defendant which placed him outside of the relief contemplated by the act: Commonwealth v. Sheriff, 16 S. & R. 304; Respublica v. Arnold, 3 Yeates 263; Commonwealth v. Brown, 32 Leg. Int. 430; Clark v. Common-wealth, 5 Casey 134.

The words of the act are both clear and mandatory. In the absence of ambiguity the argument ab inconvenienti has no weight. The act is intended not merely to provide against the malice of a prosecutor but against his negligence, in favor of the liberty of the citizen. The present case falls under none of the recognised ex-ceptions, and the prisoner's right to a discharge is complete.

*George S. Graham*, district attorney, *contra*, presented no paper book. He argued, 1. That the Supreme Court has no jurisdiction. The Constitution of 1874, did not give a new jurisdiction, and previous to its adoption the court below had exclusive jurisdiction

[Commonwealth *v.* Supt. of County Prison.]

under the provisions of the Act of 1785. This court will not review, on the theory of original jurisdiction, a subject upon which the Oyer and Terminer has by statute full discretion. Numerous reasons might exist to prevent a trial below, which would not appear on the record, and of which this court would not be informed. In a similar application, the Supreme Court denied the motion, saying, "We must refer the defendants to the Court of Oyer and Terminer, who are best acquainted with the circumstances of the case:" Respublica *v.* Arnold, 3 Yeates 266.

2. This act was passed to afford a prisoner a speedy trial—not a series of trials. The act provides that if the prisoner shall not be tried "at the second term after his or her commitment," &c. The prisoner here was tried, and the act became *functus officio.* It would be dangerous to society to discharge, on so technical a point, a convicted murderer to whom the favor of a new trial has been granted. He could at any time apply to the Oyer and Terminer for a speedy trial, and the court would see that he was not unduly oppressed.

Mr. Justice MERCUR delivered the opinion of the court, April 1st 1881.

This is an application of the relator to be discharged from imprisonment under the Habeas Corpus Act of 18th February 1785, re-enacted by sect. 54 of the Criminal Procedure Act of 1860.

If any person shall be committed for treason or felony or other indictable offence, it declares, inter alia, "if such prisoner shall not be indicted and tried the second term, sessions, or court after his or her commitment, unless the delay happen on the application, or with the assent of the defendant, or upon trial he shall be acquitted, he shall be discharged from imprisonment." The relator was committed at August Term 1879, charged with murder, and a true bill therefor was found against him at the same term. He was tried at the January Term 1880, and found guilty of murder in the first degree. A motion for a new trial was made in his behalf, and a rule granted. On the last day of the April Term it was made absolute. On the last day of the October Term 1880, being the fourth term after new trial granted, the application for this discharge was made. At the January Term following it was refused.

It is contended in behalf of the relator that he was entitled to be discharged from imprisonment at the end of the second term, after the new trial was ordered, under the Act of 1785. This presents the only question in the case. No complaint is made of any undue delay prior to the trial and conviction. What, then, was the object of the act? It was to prevent wrongful restraints of liberty, caused by malice and procrastination of the prosecutor, producing a wilful and oppressive delay in the trial: Common-

[Commonwealth v. Supt. of County Prison.]

wealth v. Sheriff, 16 S. & R. 304; Same v. Jailer, 7 Watts 366; Clark v. Commonwealth, 5 Casey 134. The express language of the statute does not give this right of discharge in case "the delay happen on the application or with the assent of the defendant." Thus either application or assent of the defendant to a postponement of the trial deprives him of his right. Nor need it appear that he expressly applied for or assented to the delay. His assent may be presumed from any action of his naturally tending to produce such result. Hence, if one under indictment induces the witnesses on the part of the Commonwealth to keep out of the way so that their attendance cannot be procured, he is not entitled to be discharged under the act, although two terms have intervened after his commitment: Respublica v. Arnold, 3 Yeates 263. So where one under indictment moved at the second term to quash the indictment, and the court held the motion under advisement during the term, it was held that the delay was equivalent to a postponement with his consent, and that he was not entitled to be discharged under the act: Ex parte Walton, 2 Whart. 501. Where the array of grand jurors was quashed at two successive terms after the arrest of the prisoner, for informality in selecting and drawing them, he was not entitled to be discharged: Clark v. Commonwealth, supra.

The relator had a trial as soon after his commitment as he desired it. There is no allegation that the postponement thereof beyond the second term was not on his application or with his assent. Then the letter and the spirit of the law were fully complied with. There was no unjust delay. After due effect was thus given to all the provisions of the statute, the defendant intervened. He asked for and procured an order for a new trial. Having thus procured a new trial, which must necessarily be more than six terms after his commitment, he now seeks to apply a statute which limits the time between commitment and the first trial to the interval of time after a new trial ordered and the second trial being had. We find no warrant for such application, either in the letter or in the spirit of the statute. It is further contended that, inasmuch as when a verdict is set aside or a judgment reversed and a new trial awarded, the case goes back upon all issues of fact, as if it had never been tried, therefore this statute is made applicable. Conceding the correctness of the rule as to the manner and form to be observed in the second trial, yet the conclusion claimed by no means follows. The interval of time between the commitment and the close of the second term thereafter cannot be retraced, nor the statute, which might then have been invoked, be made applicable to a second period of time commencing long after the expiration of the time specified in the statute.

This application is based on the statute alone. Beyond a denial of its provisions to the case, no arbitrary or unjust detention is alleged. We think, under the facts, the statute is not applicable. No other cause being shown for a discharge from imprisonment,

                                        Prisoner remanded.