# Commonwealth ex rel. v. Keeper of County Prison.

*Habeas corpus—Witnesses to petition—Defective petition—Amendment—Act of February 18, 1785, 2 Sm. L. 275.*

A defect in a petition for habeas corpus in that it was not attested and subscribed by two witnesses who were present at the delivery of the same, as provided by section 1 of the Act of February 18, 1785, 2 Sm. L. 275, may be cured by amendment.

*Habeas corpus—Jurisdiction of Superior Court—Delay of trial.*

The legislature in conferring power and authority upon the Superior Court "when and as often as there may be occasion to issue writs of habeas corpus returnable to the same court," did not contemplate the exercise of the jurisdiction in such manner as to hinder or delay the trial of pending indictments.

Rule to show cause why writ of habeas corpus should not issue.

Superior Court, Memorandum Docket No. 1, No. 165.

PER CURIAM, October 10, 1904 :

It is objected that the petition is not in proper form because it is not attested and subscribed by two witnesses who were present at the delivery of the same, as provided by section one of the Act of February 18, 1785, 2 Sm. L. 275. This defect would be curable by amendment, and if it constituted the sole objection to the issuing of the writ, we would not dismiss the petition without giving the relator an opportunity to have the amendment made. But there is a more serious objection to the awarding of the writ at this time by our court.

It appears that the relator is held to answer four indictments and that the questions which she raises have been the subject of adjudication in the court where the indictments are pending. Moreover, these indictments are on the list for trial on October 13th. It is to be observed further that it is not claimed that they do not charge indictable offenses, nor that the court in which they are pending is without jurisdiction. If we were to award the writ, it would be necessary also to issue a writ of certiorari to bring up the records of the oyer and terminer in the cases mentioned in the petition and answer: Com. v. Superintendent of County Prison, 97 Pa. 211. The result would probably be to delay the trial of the indictments.

We think it clear that the legislature, in conferring power and authority upon the Superior Court " when and as often as there may be occasion to issue writs of habeas corpus returnable to the said court " did not contemplate the exercise of the jurisdiction in such manner as to hinder or delay the trial of the pending indictments. This would seem to be contrary to the letter as well as the spirit of the sixth section of the act of 1785, as that section has been construed in Com. ex rel. v. Sheriff, 7 W. & S. 108.

As the case now stands, we conclude that the circumstances are not such as require or would justify interference by us with the trial of the indictments, even though the technical objection to the form of the petition were removed. Of course we express no opinion upon the errors alleged to have been committed by the court below in refusing to quash the indictment; they will properly be reviewable upon appeal, in case an adverse judgment is obtained against her in the court below. Therefore the rule to show cause will be discharged, without prejudice however to the right of the relator to renew her application if occasion therefor shall arise in the future, and to that end the petition is retained.

Rule discharged.