## Commonwealth ex rel. Tamburro v. Bentz.

*Frank P. McCluskey*, for relator.

*Russell C. Mauch*, District Attorney, and *George W. Geiser*, for Commonwealth.

STEWART, P. J., Oct. 5, 1928.—On Aug. —, 1928, the relator was committed to Northampton County Prison on a warrant issued by an alderman of the City of Easton, charging him with murder. On Sept. 8, 1928, upon his petition, a writ of *habeas corpus* from this court was allowed, and Sept. 14th was fixed for a hearing. At the hearing, the district attorney moved for the dismissal of the writ on the ground that it had been issued by this court within fifteen days of the term of our Court of Oyer and Terminer. We allowed that motion on the authority of Com. *v.* The Sheriff, 7 W. & S. 108, and Clark *v.*

Com., 123 Pa. 555. On Sept. 28, 1928, upon his petition, another writ of *habeas corpus* from this court was allowed, and Oct. 2nd was fixed for a hearing. Upon this hearing, the district attorney moved to dismiss this second writ. We heard argument upon the motion and reserved our decision, and fixed Oct. 5th for a further hearing. The learned district attorney's reasons were:

First. That the grand jury had, on Sept. 12, 1928, found a true bill against the relator. His contention was that the finding of the bill makes out a *prima facie* case of guilt against the relator, and he cited the opinion of President Judge Arnold in Com. *v.* McCarthy, 11 Dist. R. 161. That learned judge said: "The purpose of a hearing on a writ of *habeas corpus* is to determine a fact—whether there is a *prima facie* case of guilt shown against the prisoner—and the hearing before the grand jury is had to determine the same fact. Both hearings are *ex parte*, and a prisoner may be remanded for trial, or a bill of indictment may be found against him after hearing only one witness without requiring the testimony of all the witnesses to be taken. In both hearings, the doubts are resolved in favor of the Commonwealth; the prisoner does not get the benefit of a doubt until the case is being tried before the petit jury. If the judge, on the hearing on the *habeas corpus*, finds the fact in favor of the prisoner, the grand jury is bound by his finding, and when the grand jury finds the fact against the prisoner, the judge should defer to their finding, as the grand jury is a constituent part of the court as much as the judge is. In so important a matter as a charge of murder, the court should proceed with great caution, not only to conserve the interest of the prisoner, but also the interest of the people at large; for it must be remembered that if a prisoner charged with the crime of murder is discharged on *habeas corpus*, it is a final discharge and the defendant cannot be rearrested for the same offense: Com. *v.* McBride, 2 Brewster, 545." We have the highest respect for the opinion of Judge Arnold, and if we could conscientiously follow it, we would do so. However, our view is not the same. It is true that the defendant's case is not heard either by a grand jury or by a court upon a hearing such as this. Each of the proceedings is one-sided, and each of them ends when a *prima facie* case is made out. In Com. *v.* Shortall, 206 Pa. 165, Mr. Justice Mitchell said (page 178): "This court, either sitting as a committing magistrate or by virtue of its supervisory jurisdiction over the proceedings of all subordinate tribunals (Gosline *v.* Place, 32 Pa. 520), has the authority and the duty, on *habeas corpus* in favor of a prisoner held on a criminal charge, to see that at least a *prima facie* case of guilt is supported by the evidence against him." That is the object of each proceeding, but a grand jury acts entirely independently of the defendant. The indictment is laid before it without a consultation with the defendant or his counsel, and the proceedings are to a certain extent under the control of the district attorney. In a *habeas corpus*, the defendant in the indictment is the relator in the proceeding. His allegation is that he is unjustly detained in prison, and while that allegation calls upon the district attorney to make out his *prima facie* case, it must be done before a tribunal that is entirely different from a grand jury. In the present case the indictment exhibited by the district attorney contains the name of but one witness, George J. Ryan, the county detective. The bill necessarily must have been found upon his testimony alone. The district attorney admitted that he was not an eye-witness, and did not allege that the defendant had made a confession to the county detective. The learned counsel for the defendant at once moved to quash the indictment for the reason that it was found on improper testimony or that there

was no testimony at all before the grand jury to base an indictment on. That motion is pending in the Court of Oyer and Terminer, and we express no opinion on it, but in this particular case we do not think the rule laid down by Judge Arnold applies. Therefore, in all cases we do not think that simply because a grand jury has determined that there is a *prima facie* case against a defendant "the judge should defer to their finding." Another reason is that if the view of the learned district attorney is a correct one, the simple presentation of a bill of indictment charging murder would bar all inquiry into the question whether it was murder of the first degree or murder of the second degree. In Pennsylvania the indictment never charges the degree of murder, and yet murder in the second degree is bailable, and frequently the inquiry upon *habeas corpus* is to determine whether the defendant should be allowed to enter bail. This view of the matter is well set forth by President Judge Lindsay in Com. *v.* Lemley, 2 Pitts. Reps. 362, the syllabus of which is: "In Pennsylvania a prisoner charged with a capital offense has a constitutional right, even after indictment found, to be admitted to bail where the evidence produced on the hearing satisfies the judge to whom the application is made that the offense is not capital."

The second reason of the district attorney is that the relator has waived his right to a writ of *habeas corpus*. It appears that a complaint was made before the alderman charging relator with murder and warrant was issued. Learning of the warrant, he went to the office of his counsel and counsel 'phoned to the officer who had the warrant, and he arrested relator and committed him to prison. Relator has never demanded a hearing before the alderman, nor does the record show that he has waived a hearing. His first proceeding was the petition above referred to of Sept. 8th, which was dismissed for legal reasons. It is true a party may waive his right to have a hearing on a writ of *habeas corpus*. In Com. ex rel. *v.* Walton, 1 Northamp. Co. Repr. 289, the syllabus is: "Where the accused has waived a hearing and given bail to appear at court, but is subsequently surrendered up, the court will not go into the merits of the case on a *habeas corpus* proceeding unless satisfied that he could not procure bail and would be unjustly detained." In Com. *v.* Doran, 4 Northamp. Co. Repr. 307, the syllabus is: "A writ of *habeas corpus* having been granted on the petition of a defendant representing that he was in the custody of a constable under a commitment, and it appearing at the hearing that the constable, instead of serving the commitment, allowed the defendant to go about his business, the writ was dismissed." In Com. ex rel. Reeder *v.* Fenicle, 6 Northamp. Co. Repr. 94, the syllabus is: "No hearing can be had upon a writ of *habeas corpus* in advance of trial if the petitioner is under bail and voluntarily procures himself to be surrendered for the purpose of applying for release." In the last case, Judge Scott shows that the rule is a well settled one. We propose to follow these decisions in a proper case, but this relator has done nothing to waive any of his rights. This rule is founded on the doctrine of waiver. In this case, the relator first applied for his writ of *habeas corpus* before the indictment was laid before the grand jury, and he is not to be prejudiced in this respect because that writ was dismissed on technical grounds. Where a party has knowledge that an officer has a warrant for his arrest, he is not bound to conceal himself until the officer finds him, and a voluntary surrender to arrest is not similar to a collusive surrender of a defendant by bail simply for the purpose of procuring a writ of *habeas corpus*.

And now, Oct. 5, 1928, motion to dismiss writ is denied.

From Henry D. Maxwell, Easton, Pa.