## Commonwealth v. Seevers

*Edwin K. Logan,* for petitioner.

*Mont L. Ailey,* district attorney, for Commonwealth.

BRAHAM, J., April 22, 1936.—On September 9, 1929, the petitioner was indicted for the murder of Katherine Rodgers and, in a separate indictment, for murder of his wife, Estella Seevers. The killings occurred at the same time. The first indictment was at no. 44 and the second at no. 45 of the Court of Quarter Sessions of Lawrence County, and the cases were duly certified into the court of oyer and terminer for trial at nos. 1 and 2 respectively at that court.

In December 1929, he was tried for the murder of Estella Seevers, was found guilty of murder in the first degree with life imprisonment and was duly sentenced to the Western Penitentiary, where he is now serving his sentence. He has never been tried for the murder of Katherine Rodgers. He now seeks by two petitions to be relieved of responsibility under that indictment. The first is a petition for release from imprisonment under

what is known as the "two-term rule"; the second is a petition to quash the indictment for failure to prosecute.

The docket entries in these cases disclose these facts: Both indictments were returned on September 9, 1929; the term of the quarter sessions and oyer and terminer in this county are in March, June, September and December; the two indictments were returned in time for trial at the September term, 1929. However, on September 9th, John D. Seevers, the defendant and present petitioner, filed a motion for continuance on the grounds that a material witness was absent and further time was needed for preparation. September 11, 1929, this motion was granted. On December 16, 1929, the case at no. 2, September term, oyer and terminer, the Estella Seevers case, was called for trial. On the same date the defendant again moved to continue the case at no. 1, September term, oyer and terminer, the Katherine Rodgers case, to the March term, 1930. On the same day this motion was granted. When the March term came the defendant had been convicted of murder in the first degree with life imprisonment. From that time no action was taken by either the Commonwealth or the defendant until February 5, 1936, when defendant presented the two petitions above referred to.

The petition for discharge from imprisonment is based upon section 54 of the Criminal Procedure Act of March 31, 1860, P. L. 427, 19 PS §781, which provides:

"If any person shall be committed for treason or felony, or other indictable offense, and shall not be indicted and tried some time in the next term, session of oyer and terminer, general jail delivery, or other court where the offence is properly cognizable, after such commitment, it shall and may be lawful for the judges or justices thereof, and they are hereby required on the last day of the term, sessions or court, to set at liberty the said prisoner upon bail, unless it shall appear to them, upon oath or affirmation, that the witnesses for the commonwealth,

mentioning their names, could not then be produced; and if such prisoner shall not be indicted and tried the second term, session or court after his or her commitment, unless the delay happen on the application or with the assent of the defendant, or upon trial he shall be acquitted, he shall be discharged from imprisonment; *Provided always,* That nothing in this act shall extend to discharge out of prison, any person guilty of, or charged with treason, felony, or other high misdemeanor in any other state, and who by the constitution of the United States ought to be delivered up to the executive power of such state, nor any person guilty of, or charged with a breach or violation of the laws of nations."

This section is but a reënactment of section 5 of the Habeas Corpus Act of February 18, 1785, 2 Sm. L. 275, with an immaterial addition: Commonwealth v. Zec, 262 Pa. 251, 256. A proceeding under section 54 of the Act of 1860 is therefore essentially a habeas corpus proceeding under the Act of 1785: Commonwealth v. Fisher, 226 Pa. 189.

It is clear from the language of the two acts that the legislative intention back of this section was the prevention of unnecessary and oppressive imprisonment pending trial:

"What, then, was the object of the act? It was to prevent wrongful restraints of liberty, caused by malice and procrastination of the prosecutor, producing a wilful and oppressive delay in the trial": Commonwealth, ex rel., v. Superintendent of the County Prison, 97 Pa. 211, citing Commonwealth v. Sheriff, etc., 16 S. & R. 304; Commonwealth v. Jailer of Allegheny County, 7 Watts 366; Clark v. Commonwealth, 29 Pa. 129.

For this reason it has always been held that relief under the Habeas Corpus Act will not be granted when the petitioner is not in custody but out on bail: Respublica v. Arnold et al., 3 Yeates 263; Commonwealth, ex rel., v. Gill, 27 W. N. C. 311; Commonwealth et al. v. The Sheriff,

2 Dist. R. 319; Commonwealth, ex rel., v. Becker, 11 Dist. R. 182.

The two-term rule relates to imprisonment before trial. Accordingly an application under the rule is too late following trial, although there was more than the statutory delay prior to trial: Commonwealth, ex rel., v. Superintendent of the County Prison, 97 Pa. 211; Commonwealth v. Halderman, 299 Pa. 198.

In the present case, of course, the defendant is being imprisoned under his sentence in the Estella Seevers case; but this imprisonment is also available to detain him for trial in the Katherine Rodgers case should he be called to trial thereon. Is he thereby unlawfully detained under the two-term rule? The McGurk and Halderman cases, supra, indicate not, and the case of Commonwealth, ex rel., v. Reifsteck, 271 Pa. 441, contains still stronger language by way of dicta, the court stating, at page 446:

". . . . it is extremely doubtful whether habeas corpus is available to one convicted of crime, unless the record shows he had committed no criminal offense, had been pardoned, had been committed to the wrong institution, or had served the maximum sentence for his crime."

These authorities indicate the rule to be that where there is a double murder a defendant imprisoned for life on one charge is not entitled to be released from imprisonment on the other charge under the two-term rule. This conclusion is fortified by the line of decisions in our Supreme Court holding that the Habeas Corpus Act of 1785 does not apply to capital cases: Williamson v. Lewis, 39 Pa. 9. This famous case involved a habeas corpus applied for in the Supreme Court by one suffering imprisonment for contempt of the United States district court in some anti-slavery agitation. The habeas corpus had been refused in Passmore Williamson's Case, 26 Pa. 9; but in the case of Williamson v. Lewis, supra, in discussing the common-law writ of habeas corpus and relief under the Habeas Corpus Act, it was said by Lowrie, C. J., at page 26:

"The statutory writ . . . was not needed in capital or non-bailable offenses, because its common law form was quite as adequate for this as was consistent with public safety and order. . . .

"For these two classes of cases only does the *statute* provide; for public restraints on bailable criminal charges, and for private restraints on any pretense whatsoever."

To the same effect are Commonwealth v. Gibbons, 9 Pa. Superior Ct. 527, Commonwealth v. Ross, 13 Dist. R. 493, and Commonwealth, ex rel., v. Skelly, Sheriff, 8 D. & C. 585.

A further application of section 54 of the Penal Code of 1860 and the Habeas Corpus Act of 1785 to the facts of this case indicates that these statutes do not apply on still a further ground. Both acts condition the application of the two-term rule thus: ". . . unless the delay happen on the application or with the assent of the defendant." Has the delay in this case happened on the application or with the assent of the defendant? We believe it has. He might have been tried in September 1929, but on his motion the case was continued. He might have been tried in December 1929, but again he asked that the case be continued. He thus waived the right to be tried within two terms. At the March term, 1930, he found himself convicted of murder in the first degree with life imprisonment. Under the facts of his case the penalty might well have been death. If he were tried on the present case the penalty might be death. Doubtless this consideration restrained him from asking trial and doubtless the Commonwealth felt that with a conviction and sentence of life imprisonment the ends of justice had been served.

We do not mean to intimate that the defendant was not entitled by reason of his imprisonment to a trial and to a speedy trial. This is guaranteed him by the Constitution of 1874, art. I, sec. 9. He can be brought to trial against his will, although in the penitentiary, and can demand a trial although the Commonwealth does not want to give

it to him: Commonwealth v. Ramunno, 219 Pa. 204; Ponzi v. Fessenden et al., 258 U. S. 254; Lamar v. United States, 260 U. S. 711; Collins v. Loisel, etc., 262 U. S. 426.

The defendant cannot be discharged if the delay happened on his application or with his assent, because the act does not then apply: Commonwealth v. Zec, 262 Pa. 251, 255. Some of the cases decided under this section illuminate the principle. In Commonwealth v. Sheriff, etc., 16 S. & R. 304, the defendant refused to submit to trial as accessory before the trial of his principal; it was held that the statute did not apply to that delay. Nor did it apply to the delay in Ex parte Walton, 2 Whart. 501, where the defendant at the second term moved to quash the indictment. In Commonwealth v. Jailer of Allegheny County, 7 Watts 366, one suffering from a contagious disease was held not entitled to the benefit of the act. So with a defendant who prevailed upon the Commonwealth's witnesses to stay away: Commonwealth, ex rel., v. The Superintendent of the Philadelphia County Prison, 4 Brewst. 320; Respublica v. Arnold et al., 3 Yeates 263; or with a defendant who at two successive terms moved to quash the panel of grand jurors for informality in summoning them: Clark v. Commonwealth, 29 Pa. 129.

More definitely in point is Commonwealth, ex rel., v. Superintendent of the County Prison, 97 Pa. 211. There defendant was indicted at August term, 1879; he was tried at the January term, 1880, and convicted of murder in the first degree. A new trial was granted him on the last day of the April term. On the last day of the October term, 1880, being the fourth term after new trial granted, he moved for his discharge on the ground that more than two terms intervened between the granting of the new trial and his motion for discharge. This was refused; the decision establishes the principle that it is not every delay of two terms with nothing done by either side which brings the statute into operation. In the present case the defendant Seevers seeks to have the two-term period be-

gin to run after the conclusion of the first two terms when he did not choose to be tried.

In Commonwealth v. Pulte, 14 Phila. 398, the defendant was indicted for forgery on November 2, 1878; on January 11, 1879, defendant moved for a continuance; on February 17, 1879, not being ready for trial, he again moved for a continuance; on March 27, 1879, he entered bail and was discharged from prison; on May 8, 1879, his recognizance was forfeited upon his nonappearance for trial. He had gone to New York. Brought back by a stratagem, he was rearrested on September 22, 1879. A civil issue regarding the will which he was alleged to have forged was pending in the common pleas, and he moved for a continuance until the civil issue was determined. On July 10, 1880, the civil trial was finally terminated. Defendant sought release under the two-term rule. The court, by Thayer, P. J., refused, pointing out that there was no record that defendant ever asked for trial after the end of the first two terms, saying the defendant "voluntarily waived and relinquished the benefit of the act". In like manner the defendant voluntarily waived and refused the right to be tried within two terms.

As we view it, the two-term rule under the Habeas Corpus Act does not apply in view of all the circumstances of this case. As previously stated, article I, sec. 9, of the Constitution of Pennsylvania, nevertheless, guarantees him a speedy trial. Our constitutional provision is similar to that of the United States. There is no Federal statute fixing the time within which trial must be had. The Federal rule is that the accused may have a speedy trial but he must ask for it: Frankel v. Woodrough, 7 F. (2d) 796; Phillips v. United States, 201 Fed. 259 (eighth circuit) ; Worthington v. United States, 1 F. (2d) 154; Collins v. United States, 20 F. (2d) 574. There is other authority to the effect that the defendant must demand his trial: Ex parte Walton, 2 Whart. 500; Stewart v. State, 13 Ark. 720. Note, too, In re Begerow, 133 Cal. 349, and Head v. State, 90 Okla. Crim. 356, 131 Pac. 937.

If the statute applies, the burden is on the Commonwealth to show compliance, and the presumptions are against it. If the statute does not apply, the presumptions are in favor of the regularity of the acts of government: In re Begerow, supra; Grady v. The People, 125 Ill. 122, 16 N. E. 654; State v. Marshall, 115 Mo. 383, 22 S. W. 452; Ex parte McGehan, 22 Ohio 442; Korth v. State, 46 Neb. 631, 65 N. W. 792.

Our conclusion is that the defendant, convicted of murder with life imprisonment, should have demanded trial after having had it postponed beyond the two-term limit, if he wanted trial. This conclusion is strengthened by an examination of the cases in other jurisdictions. The case most directly in point is In re Tramnor, 35 Nev. 56, 126 Pac. 337. This was a case of a double murder on one charge of which the defendant was tried, convicted and sentenced to life imprisonment. There seems to have been some statute fixing the time within which the defendant should have been tried although its exact terms do not clearly appear from the case. It was held that when one case was continued with the assent of the defendant until his conviction on the other the defendant should have demanded a trial. To the same effect are Gillespie et al. v. The People, 176 Ill. 238, 52 N. E. 250, and State v. Brophy, 8 Ohio Dec. 698.

The case of State v. Keefe, 17 Wyo. 227, 98 Pac. 122, relied upon by Seevers, the present petitioner, is clearly distinguishable. This was a case of double murder, but in the case on which the defendant was tried he was convicted of manslaughter and sentenced to four years' imprisonment. After his discharge he was arrested and sought to be brought to trial on the remaining indictment. Wyoming had the two-term rule by statute. He was discharged. The distinguishing feature is the fact that while he was in prison serving his sentence he presented various motions seeking to compel the court to try his case or release him from the pending charge. The State

did neither. If the present defendant Seevers had taken similar action we would hold that our statute applies and that the defendant is entitled to his release.

The other petition presented to us by the defendant prays that the indictment be quashed. No authority for this relief has been cited to us and our researches have discovered none. We do not believe that such a motion applies to the present situation.

It need not be inferred from this opinion that the defendant is without remedy and must remain in jail indefinitely without trial on the pending indictment. The Constitution guarantees him the right of speedy trial even when he is in the penitentiary for life; and we will enforce this right. If a petition be presented asking the Commonwealth to try the defendant on the pending indictment or suffer a dismissal of the case, we believe defendant would be entitled to such relief.

Since, however, we are of the opinion that section 54 of the Penal Code of 1860, supra, and the Habeas Corpus Act of 1785, supra, do not apply to the present proceedings, and that the indictment cannot be quashed, we make the following

*Order*

Now, April 22, 1936, the defendant's petition for discharge from imprisonment and his petition to quash the indictment are each overruled and refused.

NOTE.—The defendant was tried in June 1936 on the above indictment and found guilty of murder in the first degree, and the penalty was fixed by the jury at life imprisonment. He has been sentenced and is now serving two sentences of life imprisonment, one for the murder of Estella Seevers and the other for the murder of Katherine Rodgers.

From William McElwee, Jr., New Castle.