State vs. Poynier et als.

_____

### No. 9179.

### THE STATE OF LOUISIANA VS. L. E. POYNIER ET ALS.

A voluntary confession of a prisoner is admissible in evidence against him.

The cross-examination of a witness may embrace any matters pertinent to, and growing out of, or connected with what has been elicited on the examination in chief.

State vs ?   der et als

The general rule of law is that what ev  d        rough another's agency is to be regarded as done by himself.  One whose sole v   1  cares the commission of a criminal act is prin cipal, without regard to the physical agencies he employs, and whether he is present or absent when the act is done.

The test to determine whether one is principal rather than accessory is whether he is so situated as to make his personal help available--not actual physical help necessarily, but help of any kind—not help rendered by actual presence but constructive presence as well.  Thus if he watched to prevent his companions being surprised, or stationed him self to give the alarm to favour their escape, or was in such situation as to come to their assistance, so that the knowledge of his watching, or position or situation inspired or was calculated to inspire his confederates with additional confidence, and enable them quicker or safer or more effectually to commit the crime, then he is a principal.

If one, with knowledge that the commission of a crime has been determined on, gets away and keeps away from the spot for the purpose of facilitating the commission of it, he is a principal although he is not present or near enough to give assistance physically and manually to his confederates.

APPEAL from the Criminal District Court, for the Parish of Orleans. *Baker*, J.

*J. C. Egan*, Attorney General, and *Henry C. Castellanos*, for the State, Appellee.

*Lionel Adams* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   Poynier with four others was prosecuted for larceny of thirty two bales of cotton, the property of the Texas and Pacific Railway, and upon conviction was sentenced to four years' imprison ment at hard labor.  He alone is before us on this appeal.

By request of the prisoner's counsel the judge charged that "persons not sufficiently near to give assistance are not principals.  That they were sufficiently near must be proven by the State beyond a reasonable doubt.  If a man be at such distance from the place where the offence was committed that he could not assist in it if required, he cannot be deemed a principal."  And then immediately added—" where a person keeps away from the place where the crime is committed for the pur pose of facilitating the commission of the offence, even if he be not sufficiently near to give assistance if required, he is to be considered as constructively present."

This addendum of the judge was excepted to by the prisoner, and presents the question for our review.  In his reasons for the charge, inserted in the bill of exceptions, the judge says:—" The accused was a foreman of the Texas and Pacific Railway at their freight depot in this City.  I charged the jury that if the evidence established a combi nation on the part of the accused and others to steal the thirty two

bales of cotton, and that Poynier, with the view of assisting the actual perpetrators of the larceny, kept out of the way, he was guilty as principal."

The counsel for the prosecution lays stress on the circumstance that this last enunciation was not excepted to. How could it be? It was not a charge to the jury, but an amplification of the charge previously given, and not appearing until the bill was ready to be signed, and appearing only in it. The jury never heard or read it. The charge to them is the matter for our consideration.

The distinction between principals and accessories before the fact is in most cases a distinction without a difference, and often requires nice and subtile verbal refinements to express it. In some of our States it has been abolished by statute—in others, judicial decisions have attenuated it until it is perceptible only by a close mental effort. The fact is, it is not a creature of statutory law but wholly of judicial construction, the origin of which is so vague and indeterminate that the text writers have not found out where to place it. It is supposed to have originated at a time when criminal lawyers puzzled their wits and taxed their ingenuity to invent metaphysical shades of distinction, such for instance as that between principals and accessories *at* the fact, which once existed but is now exploded. The distinction between principals and accessories before the fact is fast following its kindred technical refinement.

The general rule of law is that what one does through another's agency is to be regarded as done by himself. In the *punishment*, neither the common nor statutory law makes any distinction between a principal and an accessory before the fact, nor is there any difference in the structure of the indictment. In morals there are oftentimes circumstances wherein we attach greater blame to the accessory than to his principal, as where a husband commands his wife to do for his benefit a criminal act which she would not do without his command. 1 Bishop Crim. Law, § 673.

A man whose sole will procures the commission of a criminal act is principal without regard to the physical agencies he employs, and whether he is present or absent when the act is done. Where there is a principal—and there can be no crime without one—no other person will be considered a principal with him unless in a position to render personal assistance of some kind. The test to determine whether he is principal rather than accessory is, whether he is so situated as to make his personal help available—not actual physical help necessarily, but

help of any kind—not help rendered in or by actual presence, but constructive presence as well. Ibid, § 653. Thus if he watched near or at a distance to prevent his companions being surprised, or stationed himself to give the alarm to favour their escape, or was in such situation as to come to their assistance, so that the knowledge of his watching or position or situation inspired or was calculated to inspire his companions with additional confidence, and enable them quicker or safer or more effectually to commit their crime, then he is a principal. 1 Whart. Am. Cr. Law, § 116.

One need not be either an eye witness of the criminal act or within hearing of it, to make him a principal. If he had knowledge of it, and watches so as to assist in any manner, it is enough. Doan 'v. State, 26 Ind. 495. Or if he do any act in execution of the common design, or to aid those who are immediately engaged to escape. Wixon v. People. Ibid. Each person consenting to the commission of an offence, and doing any one act which is an ingredient in the crime, or immediately connected with or leading to its commission, is a principal. U. S. v. Wilson, Baldw. 78, 102. U. S. v. Libby, 1 Woodb. & M. 221.

Therefore if a person, with knowledge that the commission of the crime has been determined on, gets away and keeps away from the spot for the purpose of facilitating the commission of it, he is a principal, although he is not present or near enough to give assistance physically and manually to his companions. And this is but a paraphrase of the judge's charge. Reg. v. Flatman, 42 L. Crown Cas. reserved, 159.

It was for the jury to find the fact whether the defendant had formed a combination to steal the cotton, and whether he had kept out of the way to assist his confederates. They found the fact, and applied the law as the judge gave it to them, and a conviction thus had is legal.

There is a bill to the admission of Poynier's confession which is without merit. The confession was voluntary and therefore admissible. State v. Alphonse, 34 Ann. 9.

The third bill is to a question of the State's attorney in cross-examination. The defendant asked a witness—are you the person who is charged with having knowingly received the stolen cotton spoken of in this case? And again—did you buy thirty two bales of cotton or any cotton from the accused Poynier? Upon cross examination he was asked—how do you account for the tags which had been attached to the cotton which was found in your pickery? The objection was that the cross-examination must be confined to the facts and circumstances which were the subject of the examination in chief.

The answer is that the question is sufficiently connected with the matter that had been brought out before to justify its admission under our ruling in State v. Stuart, 35 Ann. 1015.

Judgment affirmed.

### DISSENTING OPINION:

TODD, J.   The common law recognizes two kinds of principals to a crime—principals in the first and second degree.

A principal in the first degree is the actual perpetrator of the deed, either in person or through an innocent medium or irresponsible agent. Wharton Cr. Law, (4th Ed.) sec. 112; 1 Hale, 233, 615; Bishop Cr. Law, (5th Ed.) secs. 648, 651; 1 Arch Cr. Pr. and Pl. (7th Ed.) 58.

Principals in the second degree are those who are present, aiding and abetting at the commission of the fact.   1 Hale, 438, 439; Foster, 349, 350; Wharton Cr. Law, (4th Ed.) 116; Bishop, (5th Ed.) sec. 649.

This presence is either actual or constructive.   Thus it is a constructive presence if a party watches for his companions, the actual perpetrators, to prevent surprise or favor their escape, or give assistance and is near enough to afford it, if required.   Wharton (4th ed.), secc. 116, 124; Hale, 438; 1 Arch. pp. 58, 59; Bishop, sec. 653.

If a person is present aiding and abetting in some act making part of the offense, although absent when the crime is completed by his confederates, he is a principal with respect to the whole of it.   1 Arch. Pr. and Pl. pp. 61, 66; Reg. vs. Jordan O'Sullivan, 7 C. and P. 432.

These leading authorities shed all necessary light on the question, as to who are to be held as principals in a crime whether in the first or second degree.   The doctrine upheld by these authorities still governs in this State, except that the distinction or difference between principals in the first or second degree can scarce be said to be any longer recognized:

In the instant case the trial judge, after charging the jury in exact accord with the principles adverted to above, further charged, substantially, that although a party may be absent from the place where the crime is committed and such a distance therefrom as not be able to render any assistance if required, yet if his absence is for the purpose of facilitating the commission of the offense he is a principal and is constructively present aiding and abetting.

The question recurs: does the proposition conveyed in this charge fall within, or is it covered by the doctrine established by the authorities cited, or is it justified and sanctioned by any known rule or principle of law?

State vs Poynier et als.

After an exhaustive examination of all authorities on the subject, and the minutest consideration, I am constrained to answer this question in the negative. So far from being supported by authority or precedent, I think it opposed to the controlling principles referred to and really inconsistent with the first part of the charge given to the jury, and the law therein so clearly enunciated.

If it should prevail, it would effectually, in my opinion, destroy the distinction so firmly established between principals and accessories before the fact.

To constitute a party a principal in the crime, in any degree, he must be a co-operator therein at the time of its commission.

Thus it is laid down by Archibold, that going towards or in the direction of a place where a larceny is committed for the purpose of assisting in carrying off the property and assisting accordingly, but at such distance as not to be able to assist in the commission of the fact, at the time of the felonious taking and carrying away, did not make the party a principal in the larceny. Archibold Cr. Pl. and Pr., p. 66.

And in a case presenting a strong analogy to the instant one, where an employee in a house *in pursuance of an arrangement made with a confederate*, admitted this confederate into the house where he remained till the next day, when he stole the money from a cash-box in the house, during the absence of the employee therefrom, it was held that the latter was not a principal in the crime, but an accessory before the fact. Reg vs. Jackwill and Perkins, 1 Carrington and Marshman, p. 215.

Reference is made in the brief of the Attorney General to two cases as supporting the principle announced in the charge we are considering: those are, Rex vs. Flatman, 42 L. T. (Eng.) 159 and Scales vs. The State, 4 Tex. App. 361.

The first of those cases turned on the effect to be ascribed to the delivery by the wife of the husband's goods to an adulterer and did not involve the general principles governing the point or question under review.

And the other case was decided under a special statute of the State of Texas, which changed materially the common law on the subject of principals and accessories. See Peck Digest, art. 1809, *et seq.* Penal Code. art. 214, *et seq.*

I am thus brought to the conclusion that there was an error in the charge complained of and of gravity sufficient to vitiate the verdict of the jury and the sentence based thereon.

I, therefore, dissent from the opinion of the majority.