No. 11,492.

## CARBON BLOCK COAL COMPANY v. MURPHY ET AL.

DEED.—*Condition Subsequent.—Forfeiture.—Waiver.—Parol Assent to Breach.*
—A condition subsequent in a deed of conveyance of real estate may
be waived by one who has a right to enforce it, and a forfeiture may be
saved though a condition has been broken, if the party having such
right waives it, which he may do by acts as well as by an express agree-
ment; but mere silence in or parol assent to an act which constitutes
a breach of an express condition in a deed, does not amount to a waiver
of the right of forfeiture for such breach.

SAME.—*Pleading.*—In an action to recover possession of and to quiet title
to certain real estate for breach of a condition subsequent in a deed, an
answer substantially showing the parol assent of an alleged agent to
the act constituting the breach, and no consideration for the agreement,
does not sufficiently allege a waiver thereof, and is bad on demurrer.

From the Clay Circuit Court.

*G. A. Knight, C. H. Knight, T. L. Sullivan* and *A. Q. Jones,*
for appellant.

*C. F. McNutt, J. G. McNutt* and *S. W. Curtis,* for appellees.

FRANKLIN, C.—This is an action by appellant against ap-
pellees for possession and to quiet title to certain real estate
in the town of Carbon, Clay county, Indiana.

Appellee Murphy filed a separate answer in three para-
graphs. The first (a denial) was withdrawn. A demurrer
was sustained to the third and overruled to the second. Issue
was joined on the second paragraph, a trial had by the court,
finding for defendants, and over a motion for a new trial judg-
ment was rendered upon the finding.

The complaint alleges, substantially, that appellant, on the
1st day of August, 1870, was the owner of certain real estate,
describing it, and on that day it conveyed the same to one
Witty ; that the same had been successively conveyed through
various persons down to appellee Murphy, in whom at the
time of the commencement of the suit vested the legal title ;
that appellant's deed to the same contained the following con-
dition :

" But it is expressly covenanted and agreed by and between the parties, and the estate hereby granted is upon the express condition, namely, that if the said party of the second part, his heirs, assigns or lessees, shall barter, sell or give away any spirituous or malt liquors by retail on the premises above described, to be used as a beverage, or shall suffer or permit the same to be done, or shall sell or barter, or suffer to be sold or bartered, spirituous or malt liquors in any quantity to be drank as a beverage on the premises above described, then the estate hereby created and conveyed, and all interest therein, shall become forfeited to the said party of the first part, and the said party of the first part shall be entitled to re-enter and take possession thereof, and hold the same absolutely and as if this conveyance had not been made."

That in violation of the condition contained in the original deed of the appellant to Witty, the appellee John F. Murphy sold spirituous and malt liquors by retail on said premises to be used as a beverage, and suffered and permitted the same to be done; that said Murphy had a saloon on said premises, and was selling from day to day, or suffering to be sold therefrom, spirituous and malt liquors to be drank on the premises, etc. Whereby a forfeiture was claimed, and that possession was demanded and refused.

The second paragraph of the answer substantially alleges that before the bringing of this suit appellant had selected one John D. Walker to manage, control and watch over its business in the town of Carbon; that he accepted said agency and entered upon the duties thereof as prescribed by the company; that as one of his duties he had full control of the real estate belonging to said company, or in which said company had any interest, as well as to look after the lands sold to third parties, whose deeds contained a condition subsequent, providing for a forfeiture of all lands sold by said company forbidding and prohibiting the sale of intoxicating, malt or vinous liquors by any owner or occupant thereof; that, as alleged in the complaint, the defendant became the purchaser

of one portion of the lands, described in the complaint, from third parties, and took a deed therefor, but without any condition in relation to a forfeiture, he at the time knowing nothing whatever of the condition contained in the deed from the company; but afterwards learning of said condition, after he had commenced the erection of the building spoken of in plaintiff's complaint, at which time knowing the position said Walker sustained to said company, he being empowered to waive the condition in said deed, asked and inquired of said Walker in regard to said condition of forfeiture, at which time he informed this defendant that the time the original conveyance to the company's first grantee had been so long that said company had determined not to attempt to enforce said condition, even though the same was good at law; that the attorney, Aquilla Jones, one of the company, and a stockholder in the same, and one King, another stockholder and director of said company, then at Carbon looking after the interests of said plaintiff, had told him that the company would not attempt to enforce said condition, and claim a forfeiture of the lands for a violation of said condition; that it would be all right, and for defendant to proceed and erect said building, said agent then knowing the purpose for which said building was being erected, and the purpose for which the same was to be used; that, relying upon the statements so made to him by said agent, and believing said statements were true, he did proceed to erect said building at an expense and cost of one thousand dollars; that had not said statements been so made by said plaintiff's agent, he would not have erected said building and invested his money therein.

It is very doubtful whether this paragraph sufficiently shows authority in the alleged agent to waive the condition in the deed. Doubtless "a condition may be waived by one who has a right to enforce it, and a forfeiture may be saved though a condition has been broken, if the party who has the right to avail himself of the same waives this right, which he may do by acts as well as by an express agreement. But a mere

silent acquiescence in, or parol assent to, an act which has constituted a breach of an express condition in a deed, would not amount to a waiver of a right of forfeiture for such breach." *Lindsey* v. *Lindsey,* 45 Ind. 552, p. 567 ; 2 Washb. Real Prop. 16. A mere indulgence is never construed into a waiver of a breach of a condition. *Gray* v. *Blanchard,* 8 Pick. 284 ; *Jackson* v. *Crysler,* 1 Johns. Cases, 125.

This paragraph of answer shows no consideration for an agreement, and all that is alleged could not amount to more than the parol assent of the alleged agent to the act constituting the breach, and if a waiver can not be made in this way, as is said by Washburn, *supra,* then no waiver is sufficiently alleged in the answer, and we think that to be the correct ruling. But whether the answer be good or bad, while there is a conflict in the evidence as to what statements said Walker made to appellee concerning the condition in the deed, there is an entire failure in the evidence to prove any authority in Walker to waive the condition in the deed, or that Jones or King had ever said anything to appellee in relation to the matter.

The evidence, without conflict, proves that one Tuttle was the plaintiff's agent at Carbon. Acting as such, he was its general superintendent, and had the charge and management of all its business there ; that he had employed said Walker to collect some rents and to sell some lots on commission, and had paid said Walker for such services ; that Walker was not an agent for the plaintiff in any respect, but was rendering some service for said Tuttle. Walker's business, during the time referred to, was that of an express agent and real estate agent on his own account. There was no evidence tending to show that he was a general agent of the plaintiff, or that he had any authority whatever, special or otherwise, from the plaintiff to waive said condition in said deed, and whatever he may have said to appellee in relation to the condition in said deed, could not amount to more than his individual opinion in relation to the matter, without any binding force whatever

against the plaintiff. As to the material fact of authority in Walker to waive the condition in the deed, or estop the plaintiff from asserting a breach of the condition, there is an entire failure in the evidence. There is no pretence that Tuttle, who was appellant's agent, ever waived the condition in the deed, or ever said anything to appellee in relation to the matter; indeed, appellees were requested to say nothing to Tuttle about it.

Appellee admits the validity of the condition in the deed, and a violation of its terms, and relies upon a waiver of the condition for a defence.

We think the evidence does not sustain the finding, and that the court erred in overruling the motion for a new trial.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellees' costs, and that the cause be remanded, with instructions to the court below to grant a new trial, sustain the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.

Filed March 12, 1885; petition for a rehearing overruled June 13, 1885.