No. 13,118.

ROYAL v. THE AULTMAN & TAYLOR COMPANY ET AL.

DEED. —*Condition Subsequent.*—*Forfeiture.*— *Demand.*— *Judgment.*— *Judicial Sale.*—*Injunction.*—*Waiver.*—*Estoppel.*—The owner of land conveyed it by a warranty deed which contained the condition that the grantee should pay the grantor fifty dollars on the 1st day of March of each year, during the latter's life, on his failure to do which 'for three consecutive years the grantor might revoke the conveyance and revest the title by repaying the amount received and by placing upon record in the recorder's office a written revocation.   The grantee failed to comply with the condition, but while he held title a judgment was taken against him and the land levied upon and offered for sale thereunder.   The grantor sets up the foregoing facts, alleges a revocation of the conveyance in the manner stipulated, and asks that the sale be enjoined.

*Held,* that the plaintiff, upon the facts stated in the complaint, is entitled to an injunction.

*Held,* also, that a demand upon the grantee for payment was not necessary, he being bound to tender performance of the condition on his part.

*Held,* also, that if the grantor waived performance, or became in any way estopped to assert a forfeiture, the facts must be made to appear by answer.

From the Fountain Circuit Court.

*J. McCabe, E. F. McCabe* and *I. E. Schoonover,* for appellant.

*G. W. McDonald,* for appellees.

MITCHELL, J.—This was an action by Rebecca Royal against the Aultman & Taylor Company, of the State of Ohio, and Perry Glascock, sheriff of Fountain county, to enjoin the defendants from selling certain real estate alleged to belong to the plaintiff.

It appears from the complaint that, on the 11th day of November, 1881, the plaintiff was the owner of a tract of land in Fountain county, and that she conveyed it by warranty deed to George W. Hyatt on the date above mentioned, subject to certain conditions, which are recited in the deed.   The

conditions were, in effect, that Hyatt should pay to the grantor the sum of fifty dollars on the 1st day of March of each year, for and during the term of her natural life. It was further stipulated that in case Hyatt thereafter failed for the period of three consecutive years to pay the sum of fifty dollars annually, then the grantor might revoke the conveyance by repaying the amount theretofore paid, and by executing and placing upon record in the recorder's office of Fountain county a written declaration revoking the deed. It was further recited in the deed that, upon the making and recording of such declaration, and the repayment of the money paid, the conveyance was to become null and void, and the title was to revert to the grantor.

It is averred that while Hyatt so held the title, the Aultman & Taylor Company recovered a judgment against him, upon which an execution had been issued and placed in the hands of Glascock, as sheriff of Fountain county. It was also averred that the sheriff had levied upon and advertised the land conveyed to Hyatt by the plaintiff, upon the conditions above mentioned, for sale, and that the sale was fixed for the 4th day of April, 1885.

The complaint charged that Hyatt had wholly failed to make any payments as required by the terms of the deed, and that the plaintiff had demanded of him, "more than once a year each year after the date of said deed," that he make payment of the money due her on account of the provisions written in the deed.

It is averred further that the plaintiff, on the 16th day of March, 1885, executed and placed upon record a written revocation of the deed to Hyatt, agreeable to the stipulations therein written. A copy of the deed, and the subsequent revocation thereof, are made part of the complaint.

The only question involved in the present appeal relates to the propriety of the ruling of the court below in sustaining a demurrer to the complaint. It is conceded that the deed created in the grantee an estate upon condition subsequent,

and that the estate created was liable to be defeated upon the failure of Hyatt to pay according to the condition in the deed. The contention in support of the ruling below is, that inasmuch as by the stipulation in the deed the grantee was required to pay the grantor fifty dollars annually on the 1st day of March, and since it was further stipulated that in case he should fail for three consecutive years to make payment, " then the said Rebecca Royal may revoke this deed," it was therefore necessary in order to render the condition available, that the grantor should have gone upon the land on the 1st day of March each year, and demanded payment of the amount due, and that upon the third successive default, she must *then* have revoked the deed.

In short, the argument is that there could be no forfeiture without making a demand of payment on the day each payment fell due, and that the right of revocation was limited by the word " *then*," so that if it was not exercised immediately after the third consecutive demand and refusal, the right was forever waived.     We do not concur in this view.

It is quite true that it may be regarded as in some sense a general rule that a forfeiture can not be insisted upon unless the party entitled to take advantage of the condition first demands performance of that upon which the continuance of the estate depends.     *Lindsey* v. *Lindsey*, 45 Ind. 552; *Cory* v. *Cory*, 86 Ind. 567; *Ellis* v. *Elkhart Car Works Co.*, 97 Ind. 247.

This rule applies in the class of cases where the performance of the condition depends upon something to be done by the party entitled to insist upon performance, or upon his election or pleasure, or upon facts or circumstances peculiarly within his personal knowledge.     In other words, where it in any way depends on the pleasure of the party for whose benefit the condition is to be performed, in what manner or at what time a thing shall be done, or whether it shall be done at all, the party to be benefited must request performance. *Whitton* v. *Whitton*, 38 N. H. 127 (75 Am. Dec. 163).

Where, however, the continuance of an estate depends upon the performance of a specified act, which is to be done at a fixed time, no demand is necessary, because the party bound has equal knowledge of the thing to be done, and of the time when it is to be done. He must, therefore, tender performance at his peril, or make it appear that performance has been expressly waived. *Ellis* v. *Elkhart Car Works Co.*, *supra;* *Rowell* v. *Jewett*, 69 Maine, 293; *Whitton* v. *Whitton*, *supra;* 1 Leading Cases Real Prop. 145.

While a condition may be waived by a party who has the right to avail himself of it, mere indulgence or silent acquiescence in the failure to perform is never construed into a waiver, unless some element of estoppel can be invoked. *Carbon Block Coal Co.* v. *Murphy*, 101 Ind. 115, and cases cited.

It is apparent that the inducement or consideration upon which the deed in the present case was made, was the agreement of Hyatt to pay the grantor a specified sum of money annually during the period of her natural life.

The estate of the grantee was dependent upon the condition that he pay a certain sum on a fixed date each year, and it was stipulated that in the event of failure for three consecutive years, the conveyance might be revoked, and the estate revested in the grantor in a specified manner. This agreement was neither unreasonable nor opposed to public policy, nor was it repugnant to the estate created. The parties had, therefore, the right to make it. It was written in the deed, which was presumably in the grantee's possession. It was not necessary, therefore, that there should have been notice, or a demand for payment, in order to apprise the grantee of the thing to be done, or of the time when it was to be done. If there was a waiver of performance, by express agreement, or if the plaintiff is in any way estopped to avail herself of the forfeiture, the facts must be made to appear by answer.

The judgment of the Aultman & Taylor Company was a

general lien on the actual interest of Hyatt in the real estate in question. It can not stand in the way of the enforcement of whatever rights the plaintiff may have had as against her grantee.

The complaint stated facts sufficient to entitle the plaintiff to relief.

The judgment is reversed, with costs.

Filed Dec. 22, 1888.