STATE, RESPONDENT, v. TEST, APPELLANT.

(No. 5,163.)

(Submitted October 24, 1922. Decided November 22, 1922.)

[211 Pac. 217.]

*Criminal Law—Speedy Trial—Dismissal of Prosecution—Waiver.*

Criminal Law—Speedy Trial—Waiver.
1. The right to a speedy trial guaranteed by the Constitution (Art. III, sec. 16) to one accused of crime may be waived by him.

Same—Speedy Trial—Right to Dismissal of Prosecution—Waiver.
2. It is only by making timely objection before actively participating in the trial of a criminal prosecution against him that defendant can avail himself of the right to have the prosecution dismissed, under section 12223, Revised Codes of 1921, because not brought to trial within six months after filing of the information; hence where motion to dismiss on that ground was not made until the trial had commenced and the jury had been sworn, he will be held to have waived the right.

*Appeal from District Court, Fergus County; Rudolph von Tobel, Judge.*

L. B. TEST was convicted of violating the intoxicating liquor law and appeals from the judgment. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. W. T. McKeown,* for Appellant.

The contention of the appellant is that the district court had no jurisdiction to try the case or to sentence him to any punishment, for the reason that more than six months had elapsed from and after the filing of the information, and that a motion to dismiss the information and discharge the defendant had been made after the expiration of the six months' time, after the filing of the information and before the trial of the cause had begun, and that at no time had he asked for or obtained a continuance or postponement of the action. (Citing: Art. IV, Amendments to Federal Constitution; Art.

III, sec. 16, Const. Mont.; secs. 11611, 12223, Rev. Codes 1921.)

The constitutional guaranty of a speedy trial is not affected by the fact that the defendant has been admitted to bail, this fact having no bearing upon the question as to whether he has suffered by reason of delay or not. (*Ford* v. *Superior Court,* 17 Cal. App. 4, 118 Pac. 96.)

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State.

Appellant, to be entitled to a dismissal under the statute, must bring himself within the statute. (Rev. Codes, 1921, sec. 12223; *State* v. *Endley,* 19 Utah, 478, 57 Pac. 430; *In re Edward,* 35 Kan. 99, 10 Pac. 539; *State* v. *Wear,* 145 Mo. 162, 46 S. W. 1099.) The respondent contends that appellant had waived his right to a trial within the six months period prescribed by statute. While the right of speedy trial is guaranteed to appellant, both by Constitution and statute, it is one of which he must avail himself by timely motion for a dismissal. He cannot sit silently by and make no effort to secure a speedy trial until the case has been set for trial upon the request of the state and the jury impaneled and sworn, and then present his motion to dismiss. (16 C. J. 448, sec. 814; 8 R. C. L. 74, sec. 28; *Fox* v. *State,* 102 Ark. 393, 144 S. W. 516; *State* v. *Tyre,* 6 Penne. (Del.) 343, 67 Atl. 199; *Parker* v. *State,* 7 Okl. Cr. 238, 122 Pac. 116; *Bowers* v. *State,* 7 Okl. Cr. 716, 126 Pac. 580; *State* v. *Miller,* 72 Wash. 154, 129 Pac. 1100; *State* v. *Alexander,* 65 Wash. 488, 118 Pac. 645.)

MR. COMMISSIONER BORTON prepared the opinion for the court.

This is an appeal from a judgment of conviction for a violation of the intoxicating liquor law. But one question is presented by this appeal, and it is this: Did the court err in overruling the motion of the defendant for a dismissal of

the action for the reason that the defendant had not been brought on for trial within six months after the information had been filed?

It appears from the record that the information in this case was filed the first day of October, 1921; that the defendant appeared in court October 20, 1921, for arraignment and entered a plea of not guilty. Upon the twenty-second day of March, 1922, his case was set for trial for April 20, 1922. Upon April 20, 1922, the record discloses that the county attorney and defendant and his counsel were in court; that such proceedings were had that a jury was impaneled, and that in the impaneling of the jury the state waived all peremptory challenges, and the defendant exercised two peremptory challenges and waived the remainder. It further appears that subsequent to the impaneling of the jury the county attorney moved to indorse the name of a witness upon the information, and the record shows that this was done by stipulation. Just before the presentation of the testimony, the defendant objected "to any evidence being submitted and moves for a dismissal for the reason that this action had not been tried within the six months' period after the information had been filed." After arguments by counsel the motion was denied.

The appellant seeks to avail himself of the constitutional guaranty of a speedy trial contained in section 16, Article III, of the Constitution, by presenting his motion, under section 12223, Revised Codes of 1921, which is as follows: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: * * * (2) If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six months after the finding of the indictment, or filing of the information."

Mr. Justice Holloway, in *State* v. *Vanella*, 40 Mont. 326, 20 Ann. Cas. 398, 106 Pac. 364, in discussing a somewhat similar question to the one involved here, makes use of the

following language in developing that some of these rights contained in section 16, Article III, of the Constitution, are personal to the defendant and may be waived, and some are of interest likewise to the state, as well as the defendant, and cannot be waived: "In other words, the rights guaranteed to one accused of crime fall naturally into two classes: (a) Those in which the state, as well as the accused, is interested; and (b) those which are personal to the accused, which are in the nature of personal privileges. Those of the first class cannot be waived; those of the second may be." The right to have a speedy trial is one peculiar to the ac-

[1] cused alone, and is therefore one that may be waived.

Whether the defendant's rights were infringed, therefore [2] depends upon whether or not he waived his right to a speedy trial by failing to object until a jury had been impaneled to try his cause. Mr. Chief Justice Brantly, in the case of *State* v. *Spotted Hawk,* 22 Mont. 33, 55 Pac. 1026, has this to say relative to the definition of the word "trial": "The word 'trial,' when used in connection with criminal proceedings, means proceedings in open court, after the pleadings are finished and it is otherwise ready, down to and including the rendition of the verdict." To the same effect, see *State* v. *Koch,* 33 Mont. 490, 8 Ann. Cas. 804, 85 Pac. 972. See, also, *State* v. *Reed, ante,* p. 51, 210 Pac. 756.

It is apparent that, under these definitions, the defendant had already proceeded to trial when he made his motion for a dismissal of the information. Such an act is a waiver of the right to assert a dismissal for want of prosecution. The words of the statute "is not brought to trial" are pregnant with such a meaning. Such likewise is the rule enunciated by many of the courts. (*State* v. *Slorah,* 118 Me. 203, 4 A. L. R. 1256, 106 Atl. 768; *Ex parte Todd,* 44 Cal. App. 496, 186 Pac. 790; *State* v. *Alexander,* 65 Wash. 488, 118 Pac. 645; *State* v. *Miller,* 72 Wash. 154, 129 Pac. 1100; *People* v. *Hawkins,* 127 Cal. 372, 59 Pac. 697; *State* v. *Chapin,* 74 Or.

346, 144 Pac. 1187; *King* v. *State* (Ariz.), 201 Pac. 99.) Therefore it is only by making timely objection before participating actively in the trial itself, that the defendant can avail himself of this guaranty; or, in other words, when before the trial was started, the defendant neglected or refused to call the court's attention by appropriate action to the length of time that had elapsed since the filing of the information, and proceeded with the trial, he waived his constitutional right to a speedy trial.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

*Affirmed.*