## Commonwealth v. Halderman.

PER CURIAM, February 3, 1930:

E. C. Halderman has appealed to us for a writ of habeas corpus. The petition recites that Halderman was arrested in Lewisburg, Union County, on November 27, 1926, charged with aggravated assault and battery, for which offense he was duly indicted; that, after spending twelve days in the county jail, he was "escorted beyond the jurisdiction of Union County by the sheriff of said county"; that, on November 4, 1929, after being apprehended in Philadelphia County, he was taken to Union County, where he was "made to answer to the old charge as set forth in the indictment in this case." Then the petitioner, having been tried, convicted and sentenced, complains that "the trial and sentence of the Court of Union County is in violation of the Criminal Procedure Act of March 31, 1860, section 54, P. L. [427] 443, [which] section provides inter alia as follows: 'And if such prisoner shall not be indicted and tried the second term, session or court after his or her commitment, unless the delay happen on the application or with the assent of the defendant, or upon trial he shall be acquitted, he shall be discharged from imprisonment.'" Finally, defendant complains that his incarceration is contrary to section 183 of the Act of March 31, 1860, P. L. 382, 426, which provides that, "In all cases where a remedy is provided or a duty enjoined or

anything directed to be done by any act or acts of assembly of this Commonwealth, the directions of the said acts shall be strictly pursued." The real substance of defendant's complaint is stated in the beginning of the petition as follows: "That the court of Union County was without authority of law to try and sentence...... petitioner......at the January Sessions, 1930, by reason that the *two terms* had gone by."

Petitioner, by his own averments, shows a state of affairs which plainly excludes his case from the act on which he depends. Section 54 of the Act of 1860, is only applicable to one, imprisoned and untried at the end of the second term after his incarceration, who had been confined continuously (Sadler's Criminal Procedure, section 389, page 362) during the two-term period. Then, again, the legislation under discussion must be taken advantage of, if at all, before trial, and is not available to a defendant after his trial: Com. v. Supt. of County Prison, 97 Pa. 211, 215. In none of the cases where the two-term rule was invoked do we find a prisoner discharged after trial and conviction.

The application for a writ of habeas corpus is denied.