Day, J.
 

 The case upon which Keller was tried was No. 9618, charging a sale of intoxicating liquors under date of July 5, 1930, in violation of Section 6212-15, General Code.
 

 The fact that another proceeding was begun against Keller and an indictment returned by the grand jury, charging a violation of Section 6212-15, under the same date, as a third offense, being case No. 9664 in common pleas court of Stark county, in no wise prevented the trial proceeding against Keller under the charge in case No. 9618, the state electing to proceed in that case.
 

 Section 13437-31, General Code, provides that the state may elect upon which of two indictments Or in-formations pending against a defendant it will proceed to trial, but upon trial being had the remaining indictments or informations shall be quashed.
 

 Having so elected to proceed in case No. 9618, the rights of the accused arising in that case have not been invaded by said election.
 

 The motion interposed by the accused at the close of the state’s case asked that the court “discharge him for the reason that he was once in jeopardy under
 
 indictment
 
 for the same offense, and that more than three terms of grand jury of Stark county, not including the term in which
 
 the indictment
 
 is returned, have passed without him being placed on trial.”
 

 It would seem from the phraseology of the motion that the movant had in mind case No. 9664, which was the felony case, and in which Keller was indicted
 
 *345
 
 by the grand jury as for a third offense. Assuming, however, that it was sought by this motion to raise the question in the case then on trial, to wit, case No. 9618, that more than three terms had intervened between the filing of the affidavit in ease No. 9618 and his trial on said charge, and that he had not had a speedy trial within the meaning of the Constitution, we have arrived at the conclusion that the motion was not well taken and that the trial court was right in overruling the same. This court, in
 
 Ex parte McGehan,
 
 22 Ohio St., 442, gave construction to a similar section. It was held, in the third paragraph of the syllabus, in that case:
 

 “To entitle a prisoner to such discharge, on the ground that he has not been brought to trial during the time limited by sections 161 or 162, he must make application to the court therefor, and if when he makes such application, whether during the time so limited, or at a subsequent term of the court, the state is ready to proceed with the trial, or makes the showing specified in section 163 for a continuance, he will not be entitled to be discharged.”
 

 It seems apparent that the application for discharge must be made by the defendant.
 

 The record shows that Keller appeared on the day set for the trial in case No. 9618, and waived a jury, although it may be doubtful if he was entitled to one when the charge was for misdemeanor only and not for a third offense. At any rate, Keller took part in the trial, through his counsel, by cross-examining the state’s witnesses, and upon the conclusion of the state’s case raised, for the first time, the question of any violation of his right to a speedy trial or his right to a discharge under Section 13447-2, General Code.
 

 Having himself taken part in the trial without objection, and having submitted himself to the jurisdiction of the court by cross-examining witnesses, and
 
 *346
 
 awaiting the conclusion of the state’s case, his objection is made too late.
 

 Nor does the record show that by being tried in case No. 9618 he was being placed twice in jeopardy, for in case No. 9664 no jury had been impaneled nor had the court taken any action in that case, although motion to discharge had been filed, under Section 13447-2, in case No. 9664. This motion had not been passed on by the court. There is no record in case No. 9618 that the accused had been in jeopardy at any former time, within the meaning of the law, on the offense charged in that case.
 

 We do not find from this record that any constitutional rights of the accused have been invaded in case No. 9618 by being denied a speedy public trial, or that he has been twice placed in jeopardy.
 

 Upon the entire record we fail to find any error justifying a reversal of the judgment of the Court of Appeals, hence the same is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.