LUCAS *v.* STATE OF INDIANA.

[No. 28,546. Filed June 30, 1949.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor,* Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

YOUNG, J.—This is an appeal from a judgment denying appellant's petition for a writ of error coram nobis.

On July 24, 1947, appellant was convicted of robbery and was sentenced to serve a term of not less than 10 years and not more than 25 years in the Indiana State Prison. The affidavit on which appellant was convicted was filed on February 13, 1947. He and his brothers employed counsel who obtained his release upon bond, and he was at large and free to consult with his attorney until the trial on July 24, 1947. During this period he had five or six conferences with his counsel at his

counsel's office and appeared at the trial with counsel and made no objection to going to trial without a jury. After conviction, a motion for a new trial was filed in his behalf based in part upon newly discovered evidence. The motion was submitted, and evidence was heard on the question of newly discovered evidence, and the motion overruled. No appeal was taken.

On November 30, 1948, the trial court received from appellant by mail a crude petition for a writ of error coram nobis, not prepared by an attorney. It was filed and thereafter an amended petition was filed by an attorney employed by appellant and his brothers. The only substantial grounds alleged in either the original or amended petition were that appellant was denied the right of trial by jury and that appellant was inadequately represented by his counsel in that his attorney did not ask for a jury trial after being advised that appellant desired such a trial. By order of court appellant was brought down from the prison for trial of his coram nobis petition.

A motion for a new trial of the issues presented by the petition for a writ of error coram nobis was filed and overruled. In the motion for a new trial it is alleged, among other things, that the decision of the court was contrary to law. In the assignment of errors here it is alleged that the court erred in holding that the appellant had waived his constitutional right of trial by jury in the absence of any court record of waiver. Overruling appellant's motion for a new trial was assigned as further error.

The State takes the position that no question is presented, because a new trial is not contemplated in a coram nobis proceeding and the only way to raise any question in this court in a coram nobis proceeding is to assign as error that the order

of the court denying the writ is contrary to law. It is true that a motion for a new trial is not contemplated in a coram nobis proceeding. *Fluty* v. *State* (1946), 224 Ind. 652, 656, 71 N. E. 2d. 565. Rule 2-40 of this court provides that the sufficiency of pleadings and the evidence in a coram nobis proceeding will be considered upon an assignment of error that the order is contrary to law. The rule does not say that error may not be presented in any other way. The motion for a new trial alleged that the order of the court here appealed from was contrary to law, and the assignment of errors alleged that the court erred in overruling the motion for a new trial. So that we have had presented to us in a backhanded way the question of whether the denial of appellant's petition was contrary to law. While appellant has not conformed to our rule or the better practice in presenting his case to us, the record is in such shape that we understand his contentions, and we have decided to give them consideration.

Appellant's primary contention is that he was denied his constitutional right to a trial by jury. Our constitution provides that in all criminal prosecutions the accused has the right to a trial by an impartial jury. Art. 1, § 13, Constitution of Indiana. But this right, along with all the other rights granted by the same section of the Constitution, may be waived. § 9-1803, Burns' 1942 Replacement. *Murphy* v. *State* (1884), 97 Ind. 579, 585; *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 125 N. E. 773; *State* v. *Beckwith* (1944), 222 Ind. 618, 619, 57 N. E. 2d 193; *Brown* v. *State* (1941), 219 Ind. 251, 261, 264, 37 N. E. 2d 73; *Irwin* v. *State* (1942), 220 Ind. 228, 238, 41 N. E. 2d 809; *Fluty* v. *State, supra.*

It is appellant's further claim that because no court record was made of a waiver of a jury there was none.

He bases this contention on the statute which provides that the defendant and the prosecuting attorney, with the consent of the court, may submit the trial of a criminal case to the court, and that all other trials must be by jury. § 9-1803, Burns' 1942 Replacement. He contends that a court speaks only by its record and that no waiver was shown by the record in this case. In the case before us, the question is not the assent of the court, but the waiver of the appellant and appellant's acts and conduct may be shown otherwise than by court record.

In *Irwin* v. *State, supra,* this court said at page 238, in speaking of the constitutional rights guaranteed by § 13 of Art. 1, of the Constitution of Indiana:

". . . These constitutional rights may be waived, but the waiver must be made freely and understandingly, and unless they are so waived there is error in the proceeding. Where a defendant is represented by competent counsel, a failure to assert or claim constitutional rights is treated as a waiver, but where a defendant is not represented by counsel, the mere failure to assert or insist upon a constitutional right is not of itself sufficient to establish a waiver. . . ."

In the case before us appellant was a man 47 years of age. He was free for several months after arraignment and before trial. During this period, he and his brothers employed counsel and the evidence showed that he had a number of conferences at counsel's office. There is no indication in the record that counsel employed was not competent. On the contrary, there appears in the record language of the court during the trial of the coram nobis proceeding, affirmatively concurred in by appellant's counsel, that the attorney who represented appellant in the original trial was of good standing. Under the language of the

Irwin case appellant's failure to assert or insist upon a jury trial may be treated as a waiver of his right to a jury trial.

In *Brown* v. *State, supra,* the rights of an accused under § 13 of Art. 1 of the Constitution of Indiana were before the court and it was positively stated, at page 26, that an accused may waive his right to a jury trial. In that case, he was contending that he was denied the right to have his case tried in the county where the offense was committed, which is one of the rights, along with the right to a jury trial, guaranteed by § 13 of Art. 1 of the Constitution. He failed to make any objection to trial in the county where he was tried and Judge Swaim said, at p. 264:

". . . This question does not involve the jurisdiction of the subject-matter, but only the place of the trial, a question of venue. The right to have the case tried in a certain county, as guaranteed by the Constitution and statute, was a right personal to the appellant, which he could waive and which, pursuant to the provisions of § 2-1011, Burns' 1933, § 115, Baldwin's 1934, he is deemed to have waived by not having made an appropriate objection to the trial court."

In the case before us, there was no objection made to a trial without a jury and the law announced in *Brown* v. *State, supra,* is equally applicable to the situation before us.

In *Fluty* v. *State, supra,* a petition for a writ of error coram nobis had been filed and appellant alleged, among other grounds, that he had been denied a jury trial. In ruling upon that question, this court said, at p. 660:

"Whether it was best to submit defendant's case for trial to a jury or to the court was a matter for the defendant and his attorney to determine, and they had to determine this before the trial began. The attorney says they did discuss and determine

this matter, deciding to try by the judge. This was sufficient evidence for the court's decision, that the defendant's constitutional right to a jury trial was not denied him. It would be a mockery of justice to say that having voluntarily tried his case before the judge and losing, he may then try it again by jury in the hope of doing better."

This language fits exactly the facts in the case before us.

We reassert that appellant's constitutional right to a trial by jury may be waived and hold that it was waived in this case. If an accused is represented by competent counsel his failure to demand a jury trial will be treated as a waiver, and, if when so represented, he proceeds without objection, he will be deemed to have waived such right.

With reference to appellant's contention that he was not represented by competent counsel, he has pointed out no particular in which his counsel failed him except his failure to demand a jury trial. On that subject, there was evidence both ways. Appellant testified that he had expressed a desire to his attorney for a jury trial, but that his attorney did nothing about it. His attorney testified that he and appellant had discussed the question of waiving a jury and that the attorney and appellant himself in their joint discussion had reached the conclusion that it would be better to proceed without a jury. This presented an issue of fact which the court decided adversely to appellant. There was evidence to support the court's finding in this respect and we will not weigh the evidence, but will accept the court's conclusion.

Judgment is affirmed.

NOTE.—Reported in 86 N. E. 2d 682.