MILLER, JR. *v.* STATE OF INDIANA.

[No. 29,003.   Filed November 3, 1953.]

*Richard Lineback,* of Greenfield, *Benadum & Cecil,* and *Fredrick F. McClellan,* of Muncie, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

DRAPER, J.—An indictment in two counts was returned against the appellant. The first charged murder in the perpetration of a robbery; the second charged murder in the second degree. A separate trial resulted in a verdict of guilty as charged in count one, and the appellant was thereupon sentenced to imprisonment for life.

The error assigned is the overruling of appellant's motion for new trial. The only ground assigned in said motion and not waived is the alleged misconduct of the jury.

It is made to appear that during the lunch hour, approximately two hours before the jury retired to deliberate upon their verdict, three of the jurors went to the Hancock County jail and were escorted through the jail and were in the presence of the appellant, the three other men indicted with him, and other prisoners, and were close enough to said prisoners to hear any remarks that were made by said prisoners; that said three jurors observed the appellant at that time and also observed the three who were indicted with him, and particularly one Nick Csire who had that morning testified against the appellant, and said jurors were close enough to said Nick Csire to hear any remarks he could have made to the other prisoners at the time the jurors were going through said jail.

It will be observed that it is not asserted that any remarks of any kind were made by anyone in the presence or hearing of said jurors, nor is there any allegation or statement of any other fact which would indicate that the appellant was in any way actually harmed by the matter of which he complains. But we need not concern ourselves with the sufficiency of the showing in that regard. The appellant saw the jurors in the jail two hours before the jury retired to deliberate, yet did nothing to bring the facts to the attention

of the trial court. No objection was made before the jury retired, and no opportunity was afforded the trial court to remedy the situation by an instruction or, if need be, by withdrawing the submission.

As said by Judge Mitchell in *Coleman* v. *The State* (1887), 111 Ind. 563, 13 N. E. 100:

> "The authorities uniformly declare the rule to be that, except as to matters involving the jurisdiction of the court over the subject-matter, if a party have knowledge of a matter which will frustrate the trial in the end, he must avail himself of the earliest opportunity to arrest the proceeding or he will be deemed to have waived his right to object when the end is reached. He will not be permitted to go on without objection, taking his chances of ultimate success, and afterwards go back and impeach the trial in case he is disappointed at the result."

The same rule has been announced in many of our decided cases. See Ewbank's Indiana Criminal Law, 2nd Ed., §§679, 680, and cases therein cited.

The motion for new trial was properly overruled and the judgment is affirmed.

Gilkison, J., not participating.

NOTE.—Reported in 115 N. E. 2d 120.