RANDOLPH *v.* STATE OF INDIANA.

[No. 28,987. Filed December 7, 1954. Rehearing denied January 12, 1955.]

*James L. Puckett, Sr.,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* and *Thomas M. Crowdus,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant, with three others, was indicted in two counts (1) for murder in the perpetration of a robbery under Acts 1941, ch. 148, §6, p. 447, being §10-4101, Burns' 1942 Replacement; and (2) for second degree murder. He was granted a separate trial,

tried by jury, found guilty as charged in count one of the indictment and sentenced to life imprisonment.

Three errors are assigned as follows:

1. That the court erred in overruling the Appellant's Motion to suppress the evidence.
2. The court erred in overruling the Appellant's Motion to discharge.
3. That the court erred in overruling the Appellant's Motion for New Trial.

*First:* Assigned error number one is not supported by the record, nor is it discussed in the argument section of appellant's brief. It is, therefore, waived and no question is presented thereby for our consideration. Rule 2-17(e) and (f), Indiana Supreme Court, 1954 Ed.

*Second:* Assigned error number two and specifications 22 and 23 in the motion for a new trial pertain to the same alleged error, i.e., the overruling of appellant's motion to be discharged under Acts 1927, ch. 132, §12, p. 411, being §9-1402, Burns' 1942 Replacement.

Appellant was indicted on June 20, 1951, and on the same day committed upon the indictment to the Hancock County jail.

After various delays, which we need not discuss for reasons that will subsequently appear, appellant was brought to trial on February 11, 1952. The trial was concluded and the verdict of the jury returned on February 14, 1952. The verdict was filed and, by agreement of counsel, no further steps were taken at that time except to discharge the jury and return the prisoner to the sheriff in the Hancock County jail.

On March 15, 1952 appellant filed a motion for discharge based on alleged irregularities in the verdict and judgment. This motion was overruled and appel-

lant then filed a motion for discharge under the provisions of §9-1402, *supra*.[1]

That part of §9-1402, *supra*, which limits the time within which the State must proceed to trial serves the same purpose as Acts 1905, ch. 169, §220, p. 584, being §9-1403, Burns' 1942 Replacement, and is also in aid of Article I, Section 12 of the Indiana Constitution, and a limitation upon the right of the State to hold a defendant in jail without trial. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 183, 102 N. E. 2d 203; *State* v. *Huebner; Gardner* (1954), 233 Ind. 566, 122 N. E. 2d 88; *McGuire* v. *Wallace* (1887), 109 Ind. 284, 287, 10 N. E. 111.

The statute is a legislative indication of what is a reasonable time within which the case should be brought to trial in order to satisfy the constitutional requirements that justice be administered "speedily and without delay." *State* v. *Kuhn* (1900), 154 Ind. 450, 453, 57 N. E. 106; *Liese* v. *State* (1954), 233 Ind. 259, 118 N. E. 2d 731.

The primary and specific purpose of the statute is to provide a speedy trial on a criminal charge. Can a defendant, after he has been tried and convicted, invoke a statute the purpose of which is to insure him a speedy trial, for the purpose of effecting his discharge because he was not brought to trial within the time prescribed by such statute?

---

1. The motion for discharge, omitting formal parts, is as follows:

"1. That on the 14th day of February, 1952, a jury, after hearing the above entitled cause, returned a verdict of guilty of robbery and murder in said cause.

"2. That he was not charged with the crime of robbery, he was not indicted for the crime of robbery, and he was not tried for the crime of robbery, not withstanding the fact that the jury found him guilty of the crime of robbery.

"3. That sentence has not been pronounced in the aforesaid cause according to law; and that he should be discharged.

"4. That he stands blameless in all of the foregoing."

The constitutional right to a trial by jury may be waived. *Lucas* v. *State* (1949), 227 Ind. 486, 489, 86 N. E. 2d 682.

The right to a trial without delay, guaranteed by Article 1, Section 12 of the Indiana Constitution, is a right of equal importance to that of trial by jury. It seems a truism that if one of these rights may be waived, the other may also be waived. For waiver of right to trial without delay, see: *People* v. *Sweeney* (1951), 409 Ill. 223, 99 N. E. 2d 143; *People* v. *Lantz* (1944), 387 Ill. 72, 55 N. E. 2d 78; *People* v. *Harris* (1922), 302 Ill. 590, 135 N. E. 75; *State* v. *Test* (1922), 65 Mont. 134, 211 P. 217, 218; *Levine* v. *United States* (1950), 8 Cir., 182 F. 2d 556, 558, (Cert. denied 340 U. S. 921, 95 L. ed. 665, 71 S. Ct. 352).

The right of a defendant to a discharge for failure of the State to put him on trial within the time required by statute is one personal to the defendant and may be waived by his own conduct. *People* v. *Lantz* (1944), 387 Ill. 72, 55 N. E. 2d 78, *supra; State* v. *Kleier* (1949), 69 Idaho 278, 206 P. 2d 513, 518; *King* v. *State* (1921), 23 Ariz. 49, 201 P. 99, 100; *State* v. *Hicks* (1945), 353 Mo. 950, 185 S. W. 2d 650, 651; *Pines* v. *District Court in and for Woodbury County* (1943), 233 Iowa 1284, 10 N. W. 2d 574, 583; 14 Am. Jur., Criminal Law, §138, p. 863.

It has generally been held that the right to a discharge for delay in bringing a defendant to trial is waived if the proper motion is not made before the trial begins. *State* v. *Suspirata* (1943), 71 Ohio App. 500, 50 N. E. 2d 270 (dismissed 141 Ohio St. 456, 48 N. E. 2d 468); *Keller* v. *State* (1933), 126 Ohio St. 342, 185 N. E. 417; *State* v. *Thomas* (1939), 1 Wash. 2d 298, 95 P. 2d 1036, 1037; *People* v. *Mitsunaga* (1928), 91

Cal. App. 298, 266 P. 1020, 1021; *People* v. *Newell* (1924), 192 Cal. 659, 221 P. 622, 626; *Ex parte Apakean* (1923), 63 Cal. App. 438, 218 P. 767; *State* v. *Test* (1922), 65 Mont. 134, 211 P. 217, *supra; King* v. *State* (1921), 23 Ariz. 49, 201 P. 99, *supra; Commonwealth* v. *Halderman* (1930), 299 Pa. 198, 149 A. 476; *Daniels* v. *United States* (1927), 9 Cir., 17 F. 2d 339, 343, (Cert. denied 274 U. S. 744, 71 L. ed. 1325, 47 S. Ct. 591); 22 C. J. S., Criminal Law, §470(a), p. 720.

In this case appellant participated in the trial without objection. By his acquiescence and participation in the trial appellant conclusively waived his rights under the statute. By such acts he aided in the consummation of the very act which the statute, if timely invoked, might have prevented. The motion for discharge was not filed until after (1) the trial of defendant-appellant had been completed (2) the verdict of the jury returned and the jury discharged, and (3) the court had denied his motion to dismiss because of alleged irregularities in the verdict and judgment.

We recently said, in *Blanton* v. *State* (1954), 233 Ind. 52, 116 N. E. 2d 631, at page 632:

> "It is well settled that if a party has knowledge of a matter which will frustrate the trial in the end, he must avail himself of the earliest opportunity to arrest the proceeding or he will be deemed to have waived his right to object when the end is reached. He will not be permitted to go on without objection, taking his chances of ultimate success, and afterwards go back and impeach the trial in case he is disappointed at the result. *Miller, Jr.* v. *State* (1953), — Ind. Sup. —, 115 N. E. 2d 120, and authorities cited." See also: Ewbank's Criminal Law, 2d ed., §679, p. 498.

In this case appellant knew, at the time his case was set for trial, all of the facts alleged in his motion

for discharge. Such alleged facts, if true, would have prevented the trial. Under these circumstances appellant could not sit by without objection, taking his chances of ultimate success, and afterwards file his motion for discharge when he was disappointed in the result of the trial.

The cases which hold that the right to discharge is waived if the proper motion therefor is not made before the trial begins are based upon sound reasoning. We believe the legislature intended that this should be the rule in Indiana.

This court has held that a provision of §9-1403, Burns' 1942 Replacement, *supra,* similar to that in §9-1402, Burns' 1942 Replacement, *supra,* and here under consideration, casts no burden upon the defendant to make any demand of the State or the court for a speedy trial; but such demand is made for him by the Constitution and its implementing statute and may not be ignored by the State without incurring the penalty provided by statute. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 183-184, 102 N. E. 2d 203, *supra.*

Neither this constitutional provision[2] nor the implementing statute is self-executing. While it is true that there is no burden upon the defendant to request a speedy trial, nevertheless, if the terms of court specified in the statute go by and he is, through no fault of his own, not brought to trial, the burden of invoking the statute then falls upon him and his rights thereunder can be asserted only through some affirmative action on his part.

The question of loss of rights by failure to demand a speedy trial is not involved in the case at bar. We

2. Article 1, §12 of the Indiana Constitution.

are concerned here only with the failure of appellant to invoke the statute[3] before his trial was commenced.

While the Constitution and its implementing statute made the demand for a speedy trial for the appellant herein, they did not, nor did either of them, require the court to invoke and enforce the provisions of the statute on behalf of appellant without a proper request from him so to do.

Appellant proceeded to trial without raising, by appropriate means, the question of his being held in jail beyond the time fixed by statute. He thereby waived his rights to a speedy trial under both the statute and the Constitution.

There was no error in overruling appellant's motion for discharge.

*Third:* The motion for a new trial contains 26 specifications or grounds therefor. Specifications 1, 2, 3, 4, 5, 6, 10, 12, 15, 16, 17, 18, 19, 20, 21, 24, 25 and 26 are not discussed in the argument section of appellant's brief and are, therefore, waived.

Rule 2-17 (e) and (f) of this court, 1954 ed.

*Fourth:* By specification 7 appellant claims error in the admission of the State's Exhibit 5, which purports to be a photograph of appellant's automobile. It is asserted that such exhibit should have been excluded because the testimony of the identifying witness is at variance with the actual photograph, in that the photograph could not be a true and exact representation of the automobile which the officer described in his testimony.

The admission or rejection of a photograph in evidence, and the question of its accuracy are within the sound discretion of the trial court, and its action therein

3. Section 9-1402, Burns' 1942 Replacement.

will not be disturbed except for an abuse of such discretion. *Haven* v. *Snyder* (1931), 93 Ind. App. 54, 61, 176 N. E. 149; 3 Wigmore on Evidence, 3d ed., §794(2), p. 187; See also: 9 A. L. R. 2d Anno., §6, p. 915.

No abuse of discretion is here alleged or shown. It was not error to admit State's Exhibit 5 in evidence.

*Fifth:* By specification 8 appellant asserts error in allowing, over his objection, a witness for the State to express an opinion as to whether a conversation he had with defendant-appellant was "intelligent" or "unintelligent."

Generally speaking, questions calling for the conclusion of a witness are objectionable, *Albright* v. *Hughes* (1940), 107 Ind. App. 651, 661, 26 N. E. 2d 576, however, it does not necessarily follow that it is reversible error to permit a witness to answer such questions. A lay witness may express an opinion on numerous subjects if based upon his personal knowledge and the proper factual basis for the opinion has been laid.

See: *Buuck* v. *Kruckeberg* (1951), 121 Ind. App. 262, 95 N. E. 2d 304, 22 A. L. R. 2d 1145; 7 Wigmore on Evidence, 3d ed., §1924, p. 22.

Appellant has failed to show where his substantial rights have, in any way, been prejudiced by the answer to the question challenged in specification 8. Failing to show this the answer is, at most, superfluous and no reversible error is shown. See: *Pitts* v. *State* (1939), 216 Ind. 168, 23 N. E. 2d 673, 674; *Henderson* v. *State* (1954), 233 Ind. 341, 122 N. E. 2d 340; *Albright* v. *Hughes* (1940), 107 Ind. App. 651, 664, 26 N. E. 2d 576, *supra.*

*Sixth:* By specifications 9 and 11 appellant questions the admission into evidence of a written statement

made by one of the other defendants. The motion for a new trial does not contain a copy of the exhibit to which objection was made, or a statement as to what it contained. Nor does the motion for a new trial show the specific grounds for objection. Under such circumstances the court will not search the record to reverse a judgment. Therefore, no question is presented for review by specifications 9 and 11. *Gernhart* v. *State* (1954), 233 Ind. 470, 120 N. E. 2d 265, 267; *Brown* v. *State* (1939), 216 Ind. 106, 108, 23 N. E. 2d 267.

*Seventh:* Specifications 13 and 14 are subject to the same objections as are specifications 9 and 11. Further, the briefs do not show the page and lines of the record where the exhibit referred to in these specifications may be found. However, the motion for a new trial does, in a perfunctory manner, show the ground of objection, and since the questions raised by specifications 13 and 14 pertain to the admission of an alleged confession made to the police officers by the defendant-appellant, we consider them of sufficient importance to be considered on their merits regardless of the imperfections in appellant's brief.

Acts 1905, ch. 169, §239, p. 584, being §9-1607, Burns' 1942 Replacement, provides as follows:

> "The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influence; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence."

The record discloses that the court, in the absence of the jury, heard evidence on the admissibility of the

alleged confession. We recently affirmed the rules laid down in *Caudill* v. *State* (1946), 224 Ind. 531, 538, 69 N. E. 2d 549, 552, as follows:

"A confession is *prima facie* admissible in evidence and the burden of showing its incompetency, under the above statute, [Section 9-1607, Burns' 1942. Replacement] is upon the defendant. Citing authorities.

"The admissibility of a confession is a question to be determined by the court. It may hear the evidence with respect to the confession in the absence of the jury, and from such evidence determine the competency of the offered confession. Citing authorities.

. . . .

"Confessions and admissions made voluntarily, or under inducements other than fears produced by physical violence, threats, intimidation, or undue influence are admissible in evidence." *Pearman* v. *State* (1954), 233 Ind. 111, 117 N. E. 2d 362, 364.

Appellant has failed to sustain the burden of incompetency. The evidence on the hearing to determine the question of admissibility of the alleged confession was conflicting, and under such circumstances this court will not weigh the evidence, but will affirm the decision of the trial court if there is any substantial evidence of probative value to sustain it. *Pearman* v. *State* (1954), 233 Ind. 111, 117 N. E. 2d 362, *supra; Marshall* v. *State* (1949), 227 Ind. 1, 10, 83 N. E. 2d 763.

Finding no reversible error, the judgment of the trial court is affirmed.

Draper, Emmert and Flanagan, JJ., concur.

Gilkison, C. J., dissents with opinion.

### DISSENTING OPINION

GILKISON, C. J.—I am in dissent with the majority opinion, for reasons as follows:

As affecting the issue presented in this appeal, Art. 1, Sec. 1 of our state constitution provides:

"*We Declare,* That all men . . . are endowed by their *creator* with certain unalienable rights; that among these are life, liberty, and the pursuit of happiness; . . ."[1]

Partially implementing this provision of our state constitution the legislature, long ago enacted a statute as follows:

"A defendant is presumed to be innocent until the contrary is proved. . . ." Sec. 9-1806 Burns' 1942 Repl., Sec. 1824, R. S. 1881.

Implementing this revered provision of our statutes, this court has repeatedly held thus:

"In criminal cases, the entire burden is upon the State from the beginning, and the accused is not bound to explain anything, and his failure to do so cannot be considered as a circumstance tending to prove his guilt. *Doan* v. *State,* 26 Ind. 495; *Clem* v. *State,* 42 Ind. 420." *Parker et al.* v. *The State* (1894), 136 Ind. 284, 292, 35 N. E. 1105; *Dorak* v. *State* (1915), 183 Ind. 622, 109 N. E. 771; *Bowen* v. *State* (1920), 189 Ind. 644, 655, 128 N. E. 926; *Aszman* v. *State* (1889), 123 Ind. 347, 360, et seq.

Many additional cases could be cited supporting this proposition. But the rule stated is of such universal application it should be accepted as true without authority.

The intrinsic record in the case conclusively shows that appellant was committed to the Hancock County jail on the indictment upon which he was tried, on June

1. Art. 1, Sec. 1, 1816 Constitution of Indiana, among other things, provided:

"*We Declare,* That all men . . . have certain natural, inherent, and unalienable rights: among which are, the enjoying and defending life and liberty, and of acquiring, possessing, and protecting property and pursuing and obtaining happiness and safety." R. S. 1843, p. 41.

20, 1951, being during April, 1951, term of the court. On September 8, 1951, being the 5th day of the September term of court, the defendant entered a plea of not guilty, to the charges in the indictment. At that time the court set his trial for November 26, 1951. On November 8, 1951, being the 57th Judicial day of the September 1951 term of the court, the court of its own motion took the case from the trial calendar, "to be reset for trial at a later date." On December 1st, 1951, being the 11th Judicial day of the November, 1951, term of the Hancock Circuit Court, the court of its own motion set defendant's trial for February 11, 1952. On January 31, 1952 the defendant filed and presented his motion for separate trial, and on February 4, 1952, being the 1st Judicial day of the February, 1952, term, the motion was sustained.

Terms of the Circuit Court in Hancock County begin as follows: "1st Tuesday of September, 3rd Monday in November, 1st Monday in February, 4th Monday in April of each year. Each term to continue so long as business requires." Sec. 4-332 Burns' 1946 Repl. Pocket Supp. Page 45. (Acts 1951, §1, Chap. 123, p. 324.)

Further implementing Art. 1, Secs. 1 and 13 of our state constitution the legislature long ago enacted the statute upon which the motion to dismiss this action is based, so far as applicable to this appeal it is as follows:

"And no defendant shall be detained in jail, without a trial, on an indictment or affidavit, for a continous period embracing more than two (2) terms after his arrest and commitment thereon; or if he was in jail at the time the indictment was found or affidavit filed, more than two (2) terms after the term at which the indictment was found or the affidavit was filed; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try

him during such terms:" Sec. 9-1402, Burns' 1942 Repl.

This has been the law in Indiana since 1881. (Sec. 207, p. 153, Acts 1881.)

There is no contention that appellant comes within any of the exceptions in the law. From the date of his arrest June 20, 1951, as heretofore noted, he was held in the Hancock County jail without bond, and was so held when he was tried beginning February 11, 1952. It is not disputed that he was so held in the Hancock County jail without bond and without trial continuously from the date of his arrest through the September and November Terms 1951 of the Hancock Circuit Court and until after his trial during the February 1952 term thereof, or for a continuous period exceeding two full terms of court after the term at which the indictment was found against him. This is conclusively shown by the intrinsic record of the court, and requires no further proof. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 182, 102 N. E. 2d 203.

There is no contention that the verified motion to dismiss did not contain every proposition affirmative and negative required by the statutes. It was filed, presented and denied before final judgment was rendered and while the cause was still pending in the trial court.

The statute involved contains no statement or inference as to when or how a defendant must or may claim his right to a discharge because of the state's delay in bringing him to trial, except that it must be after he is detained in jail awaiting trial for more than two full terms of the court after the term at which the indictment was returned and his arrest and incarceration thereon. It was the duty of the legislature to fix this time and it has done so. It is a duty of the

court on appeal of such a case, to be bound by the statute as to such time. We cannot legislate, as the majority opinion attempts to do, and say that the defendant must file his motion for discharge before the beginning of his trial. The involved statute is also an implementation of Sec. 12, Article 1 of the Constitution that "Justice shall be administered . . . speedily and without delay." *Zehrlaut* v. *State* (1951), 230 Ind. 175, 180, 102 N. E. 2d 203 and authorities there cited, p. 181, *supra*. We have frequently held that:

"The provisions of the statute must be strictly construed in favor of the liberty of citizens placed under arrest." *Zehrlaut* v. *State, supra,* and authorities there cited at page 180.

See also statement of Bobbitt, J., in *Colglazier* v. *State* (1953), 231 Ind. 571 at page 575 thus:

"This statute will be strictly construed and all doubts resolved in favor of the accused. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203; *State* v. *Kuhn* (1900), 154 Ind. 450, 453, 57 N. E. 106; Ewbank's Indiana Criminal Law, 2d ed., §437, p. 288."

This rule is perfectly agreeable with the ancient statute heretofore cited that, "A defendant is presumed to be innocent until the contrary is proved." Sec. 9-1807 Burns' 1942 Repl. Indeed there are no exceptions to this rule (unless the majority opinion is an exception). I think it, by judicial legislation, attempts to add a time limitation for filing the motion for discharge—not contained within the statute. This is an amendment and change of the statute *no court has jurisdiction to make*.

I do not think defendant can be charged with notice that on appeal this court will unlawfully attempt to legislate or otherwise fix a time limit for the filing of his motion, different from that fixed in the statute.

The opinion labors to justify its indulgence in a

presumption that by mere silence the defendant waived his unquestioned right to discharge for the state's delay in bringing him to trial. This makes it necessary to discuss the legal principle of "waiver." We have heretofore held, with respect to the companion statute, Sec. 9-1403, Burns' 1942 Repl. as follows:

"[It] is a limitation upon the right of the state to hold a person by recognizance to answer a criminal charge. Being a practical implementation of Art. 1, §12 of the Indiana Constitution, it casts no burden upon the defendant, but does cast an imperative duty upon the state and its officers, the trial courts and prosecuting attorneys, to see that a defendant held on recognizance is brought to trial agreeable with this section of the constitution and its implementing statute. It is not a fault of the defendant if he remain silent while under recognizance, on the contrary, that is his right. He is not required to make any demand of the state or the court for a speedy trial. That demand is effectively made for him by the constitution and its implementing statute, and this demand thus made the state may not ignore without incurring the penalty provided by the statute." *Zehrlaut v. State* (1951), 230 Ind. 175, 183, 102 N. E. 2d 369, *supra.*

We have also definitely held as before noted, thus:

"This statute will be strictly construed and all doubts resolved in favor of the accused." *Colglazier* v. *State* (1953), 231 Ind. 571, at page 575, *supra.*

There can be no doubt that that part of the companion statute, Sec. 9-1402, Burns' 1942 Repl. relied upon by appellant and heretofore quoted, should be interpreted by the same rule, and so doing we must say that this section is a limitation upon the right of the state to detain a defendant in jail, without a trial (if he was in jail when the indictment was returned), for more than two successive terms of the court after the term at which the indictment was found.

Where fundamental constitutional rights are involved,

waiver cannot be assumed under any circumstances, especially when human liberty is at issue. In such instances where a waiver of such rights is claimed by the state the burden of proving it is upon the state. The state must make this proof unaided by any presumption in its favor against the defendant. *Johnson* v. *Zerbst* (1928), 304 U. S. 458, 464, head-notes 1, 2 and 3, 82 L. Ed. 1461, 1466, and authorities there cited. *Batchelor* v. *State* (1920), 189 Ind. 69, 77 et seq., 125 N. E. 773, 776 and authorities there cited. The intrinsic record of the trial court, of which it must take judicial notice without proof, negates the possibility of such proof in this case.

The burden is never on a defendant to show he did not waive fundamental rights. It is enough for him to show that he was denied a right to which he was entitled under the constitution and implementing statutes. "Our law is no respecter of persons. The rights of just and upright citizens are not more sacred in the eyes of the law than the rights of the poorest and meanest citizen of the state. The safeguards erected by the Constitution are intended to protect the rights of all citizens alike. They protect the rights of the guilty as well as those of the innocent. The court cannot give its sanction to the conviction of any person accused of crime where the proceedings on which the judgment is based show the denial of a right to which the defendant was entitled under the Constitution. Such judicial sanction, in any case, would destroy the efficacy of the constitutional safeguards to protect the rights of all citizens of the state." *Batchelor* v. *State* (1920), 189 Ind. 69, 84, 85, quoted with approval by Emmert, J., in his excellent dissent in *Schmittler* v. *State* (1950), 228 Ind. 450, at page 473. In this dissent Judge Emmert also quoted with approval from Chief Justice Stone in *Ex*

*parte Quirin* (1942), 317 U. S. 1, 25, 63 S. Ct. 2, 9, 87 L. Ed. 3, 11, thus:

"Constitutional safeguards for the protection of all who are charged with offenses are not to be disregarded in order to inflict merited punishment on some who are guilty. *Ex Parte Milligan* (1866), 4 Wall. 107, 18 L. Ed. 295, 299; *Tumey* v. *Ohio*, 273 U. S. 510, 535, 71 L. Ed. 749, 759, 50 A. L. R. 1243; *Hill* v. *Texas* (1942), 316 U. S. 400, 406, 86 L. Ed. 1559, 1563."

I think this was good law when it was written, that it is good law today and that it will continue to be as long as we remain a free people. I am at a loss to find a reason for abandoning it in this case. I think the U. S. Supreme Court was right when it said:

". . . for it is the birthright of every American citizen when charged with crime, to be tried and punished according to law. The power of punishment is alone through the means which the laws have provided for that purpose, and if they are ineffectual, there is an immunity from punishment, no matter how great an offender the individual may be, or how much his crimes may have shocked the sense of justice of the country, or endangered its safety. By the protection of the law human rights are secured; withdraw that protection, and they are at the mercy of wicked rulers, or the clamors of an excited people . . ." Mr. Justice Davis in the Majority opinion *Ex Parte Milligan, Supra,* at page 119, 4 Wall. page 295, 18 L. Ed.

Even in civil cases it has always been held that:

"While a condition may be waived by a party who has the right to avail himself of it, mere indulgence or silent acquiescence in the failure to perform is never construed into a waiver, unless some element of estoppel can be invoked." *Royal* v. *The Aultman and Taylor Co. et al.* (1888), 116 Ind. 424, 427, 19 N. E. 202, 2 L. R. A. 526; *Carbon Block Coal Co.* v. *Murphy, et al.* (1885), 101 Ind. 115, 117; *Lindsey* v. *Lindsey* (1874), 45 Ind. 552,

567; *Van Horn* v. *Mercer* (1902), 29 Ind. App. 277, 280, 64 N. E. 531.

The rule with respect to a waiver by a defendant in a criminal case is necessarily much stronger and stricter in favor of the party defendant, than it is in favor of a party against whom it is asserted in a civil action. Apparently both the trial court and the majority of this court actually seek to estop the defendant from presenting his petition for discharge. The effect of the judgment is to accomplish that end. But the principle of estoppel cannot be invoked against a defendant in a criminal case. Neither the state nor anyone can have acquired equities of any kind or character, that would permit the rule of estoppel to be invoked against this defendant.

This court owes no duty to relieve the state from the statutory penalty it has incurred by reason of its failure to bring the defendant to a speedy trial agreeable with the involved statute. I cannot agree with the acrobatic reasoning of the majority opinion arbitrarily holding to the contrary. Unfortunately the majority opinion makes two lines of decisions in Indiana diametrically opposed, on exactly similar facts. We may now go either way on these and similar cases, on authority.

I would reverse the judgment with instructions to sustain the motion to dismiss the action.

NOTE.—Reported in 122 N. E. 2d 860.