## Petition of FRED DURAN.

No. 11573.
Decided November 1, 1968.
448 P.2d 137.

MEMO OPINION

PER CURIAM:

Fred Duran, an inmate of the Montana State Prison, appear-

ing pro se, has filed with this Court a petition for a writ of habeas corpus. When the petition was received in August it was forwarded to the Director of the Montana Defender Project, with request that the allegations set forth in the petition be investigated. This investigation was promptly undertaken and in early September they advised Duran that his petition was not meritorious and they declined to urge his petition before this Court.

Being dissatisfied with such advice, Duran in October requested that we disregard the advice of the Montana Defender Project and that we consider his petition on its merits, constitutional and statutory. In general he raises three issues, (1) that he was not granted a speedy trial, (2) that his ten year sentence was terminated when he was paroled to his escape sentence, and (3) that his imprisonment exceeds the maximum period of his sentence.

As to the lack of a speedy trial, this arises in connection with the escape sentence. It is true that section 94-9501, R.C.M1947, provides that an information may be dismissed by the Court if a defendant is not brought to trial within a six months period. However, if no objection is made to a delay beyond the six months period it is deemed to have been waived. State v. Test, 65 Mont. 134, 211 P. 217. When one enters a plea of guilty, as in this instance, without raising any objection, this likewise constitutes a waiver. The statute also provides that the Court, *unless good cause to the contrary is shown,* must order the prosecution to be dismissed. Had the objection been raised the record here would indicate good cause existed since obviously the petitioner suffered no harm since whatever punishment was fixed by the court would commence from the time he would have been otherwise discharged from the prison. Petitioner here had many years to serve before he could commence serving his escape sentence. Section 94-4203, R.C.M.1947.

While petitioner contends that his ten years sentence was

terminated when he was paroled to his escape sentence, this Court has held otherwise in State ex rel. Herman and Roy v. Powell, 139 Mont. 583, 367 P.2d 553. The fact situations in those cases are identical with that existing here and therefore petitioner's contention lacks merit.

As to the allegation that petitioner's imprisonment exceeds the maximum period of his sentence, we have examined the records at the state prison and find that their computations are correct. Petitioner would have the prison give him credit for the time he was away from the prison following the issuance of a parole violation warrant. He was declared a parole violator and warrant issued on January 27, 1966, but he was not apprehended and returned to the prison until January 24, 1968, resulting in practically two years of "dead time." He was also at large following his escape for a period of more than eight months. The maximum period of his sentence was eleven years. Adding two years and eight months makes his maximum period of sentence roughly thirteen years and eight months. This would provide a release date during May of 1971. The prison has computed that if petitioner continues to earn good time in the prison he will be eligible for discharge on July 21, 1970. This is correct. Whether petitioner is so discharged is conditioned on his good behavior.

For these reasons the writ sought is denied and this proceeding is ordered dismissed.